## FRED FERGUSON et al. v. STATE.

No. A-4635.   Opinion Filed Feb. 21, 1925.
(233 Pac. 497.)

(Syllabus.)

**Intoxicating Liquors—Unlawful Transportation—Sufficiency of Evidence.** The evidence examined, and held sufficient to sustain a charge of illegal transportation of whisky as to one defendant, and insufficient as to the other.

Appeal from County Court, Kay County; H. S. Burke, Judge.

Fred Ferguson and Mrs. Fred Ferguson were convicted of transporting liquor, and they appeal. Affirmed as to Fred Ferguson. Reversed as to Mrs. Fred Ferguson.

B. C. Wieck, for plaintiffs in error.

BESSEY, P. J. The defendants, plaintiffs in error here, were each convicted of transporting intoxicating liquor, with the punishment of each fixed at a fine of $50 and confinement in the county jail for a period of 30 days.

The evidence on the part of the state indicates that the defendant Fred Ferguson and three other men had been riding about on the streets of Ponca City in an automobile, engaged in a drinking debauch, that the defendant was in an advanced stage of intoxication. At the time of the arrest the car had been stopped and an officer found in the possession of one of the men at the car a gallon jug partly full of whisky; other containers with whisky in them were broken at the rear of the car while the officer was attempting to effect the arrest of the members of the party. Just prior to the arrest, defendant Mrs. Fred Ferguson and another woman had joined the men.

There is evidence tending to show that the men were acting in concert, and that some one or more of them had conveyed the whisky from some point unknown to this place.

The trial court committed no error in refusing to instruct the jury on circumstantial evidence, at least, so far as the defendant Fred Ferguson is concerned. While technically it was not error to refuse a proffered instruction on circumstantial evidence as to the issues affecting Mrs. Ferguson, it would have been proper, in all fairness to her, to have given such an instruction.

Mrs. Ferguson was with her husband, who was in an intoxicated condition. She says that she had heard that her husband had been drinking and had just found him and his bibulous companions a few minutes before they were all arrested. Beyond being in her husband's company, there was no evidence that she was implicated in transporting liquor. Moreover, a wife acting in concert with her husband, in his presence, in the commission of an offense, is presumed to be under his influence and duress. Section 1516, Comp. Stat. 1921; Neff v. State, 29 Okla. Cr. 2, 231 P. 898.

The judgment as to Mrs. Ferguson should be and is reversed.

The evidence, though conflicting and largely circumstantial, is sufficient to support the verdict as to Fred Ferguson as a principal offender, or at least as an aider and abbettor of his codefendant Evinger. The judgment against Fred Ferguson is therefore affirmed.

DOYLE and EDWARDS, JJ., concur.