## W. L. SANDERS et al. v. STATE.

No. A-7139.  Opinion Filed June 21, 1930.
(289 Pac. 798.)

W. N. Maben and Errol Joyce, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendants, were convicted in the district court of Tulsa county of the crime of robbery with firearms, and their punishments fixed by the jury at life imprisonment in the state penitentiary for each of them.

A lengthy and able brief was filed in this case in behalf of the defendants. Numerous questions are presented and urged as grounds for reversal, among which is the failure of the trial court to give an instruction on the question of whether or not the defendant Della Sanders, who is the wife of the defendant W. L. Sanders, participated in this crime while under duress of her husband as provided for in sections 1514 to 1516, C. O. S. 1921. No instruction was requested by the defendant Della Sanders on this issue.

The Attorney General confesses error in the state's brief upon the failure of the trial court to instruct the jury on the law relative to an inference of duress arising where the wife participated in a robbery "in the presence and with the assent of her husband." The question of duress arises from the testimony of the witnesses upon whom the state asks that a conviction be based. The accomplice, H. H. Troglin, testified that he and the defendant W. L. Sanders planned the robbery of Dr. Smith, and, according to Troglin's testimony, the defendant Della

Sanders' participation in it was at all times "in the presence of and with the assent of her husband," W. L. Sanders. To the same effect is the testimony of May Busse, the other state's witness, who testified as to the defendant Della Sanders' connection with the crime.

In the state's brief the Attorney General sums up his conclusions in the following language:

"Therefore, in the opinion of the Attorney General, before the jury should have been permitted to have convicted Della Sanders in this case they should have been instructed on the law relative to an inference of duress arising where the wife participated in a robbery 'in the presence and with the assent of her husband.' "

In support of this proposition the Attorney General quotes from Collegenia v. State, 9 Okla. Cr. 425, 132 Pac. 375; Brock v. State, 6 Okla. Cr. 24, 115 Pac. 1026; McKinney v. State, 20 Okla. Cr. 134, 201 Pac. 673; Nelson v. State, 34 Okla. Cr. 187, 245 Pac. 1009. This court agrees with the Attorney General that the evidence of the state clearly raises the issue of duress by reason of coverture and that the trial court should have instructed on this issue, whether requested to do so or not. Where the issue of duress by reason of coverture is surrounded by doubt and the state's evidence tends to rebut it rather than support it, it would not be error to fail to instruct thereon, especially in the absence of any request therefor. Whether the issues require such an instruction depends upon the evidence in each particular case, and the failure to give such instruction would not be reversible error in every case where a wife committed a crime jointly with her husband, but only where the evidence is clear that the crime was committed, if at all, "in the presence and with the assent of her husband," and the crime is not included within the exceptions of section 1516, supra. For

the reasons stated, the cause will be reversed and remanded as to the defendant Della Sanders for failure to give an instruction upon the inference of duress because of the wife's participation in the crime "in the presence and with the assent of her husband."

Counsel for defendant W. L. Sanders allege numerous errors in their brief, and have ably argued the same. But the court is of the opinion that none of the errors complained of are of sufficient merit to require a reversal of the case. Every question raised by the defendant has been passed on many times by this court, and adversely to the contentions of the defendant. According to the confession of H. H. Troglin, the accomplice, the defendant W. L. Sanders helped him plan the robbery and drove him in his car to the place where the actual robbery was committed; that the defendants Sanders sat in the car while Troglin went into the drug store and by the use of a pistol robbed Dr. Smith of a diamond and some other property. Upon Troglin's plea of guilty, the court sentenced him to fifteen years in the penitentiary, while the jury fixed the punishment of the defendants Sanders at life in the penitentiary.

The Attorney General in his brief says:

"Life imprisonment for one who did not actually commit the physical act of robbing and whose conviction rests largely upon the testimony of an accomplice impresses one as unusually severe and out of the ordinary. If this court after an examination of the record reaches the conclusion we have reached in this respect of course a modification of the judgment as to W. L. Sanders will follow."

The Attorney General believes, therefore, that the judgment as to W. L. Sanders should be modified and affirmed. The prosecution of the defendants was bitterly contested in the trial of the case. Under such circum-

stances it would be almost a miracle if no error occurred. There are minor errors in the record, but they are not of such a nature as would require a reversal of the case as to W. L. Sanders. The court is of the opinion that the punishment is excessive, and agress with the Attorney General that the judgment should be modified and affirmed as to defendant W. L. Sanders.

The punishment of W. L. Sanders is reduced from life to 20 years' imprisonment in the penitentiary at McAlester, and, as modified, is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.