NAHEEL ZAMMER v. STATE.

No. A-7809. Opinion Filed June 6, 1931.
(300 Pac. 325.)

126

E. M. Gallaher and Wallace & Wallace, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Creek county of forgery in the second degree, upon both counts of an information in two counts, and was sentenced to serve concurrently two terms of six months in the state penitentiary.

The record discloses that defendant was the wife of Joe Zammer, who died prior to the filing of the charge in this case, and was the aunt of Nimmer Zammer, an accomplice and the principal witness for the state. The first count of the information is that defendant uttered as true a check signed by Joe Zammer, city treasurer of Kiefer, payable to H. R. Crandall, knowing that the indorsement of H. R. Crandall thereon was forged. The second count is that defendant, without authority, forged the name of H. R. Crandall on said check. Counsel for defendant have very thoroughly briefed the questions raised. The Attorney General has not filed a brief, but at the time of the oral argument informed this court that, while he did not confess error, he was unable to insist on an affirmance of the judgment.

The record discloses that Joe Zammer, the husband of defendant, and Nimmer Zammer, the principal witness for the state, were partners in a mercantile business at

Kiefer, and that all the acts of defendant connecting her with the transaction were done in the presence of Joe and Nimmer Zammer, and at the direction of Joe Zammer, her husband.

It is contended that the inference of duress arises under the provisions of sections 1514 and 1518, Comp. Stat. 1921, and that there is no evidence to rebut the inference, citing McKinney v. State, 20 Okla. Cr. 134, 201 Pac. 673; Neff v. State, 29 Okla. Cr. 2, 231 Pac. 898; Ferguson v. State, 29 Okla. Cr. 238, 233 Pac. 497; Winer v. State, 36 Okla. Cr. 316, 253 Pac. 1025; Sanders et al. v. State, 48 Okla. Cr. 65, 289 Pac. 798. The contention must be sustained.

It is further argued that there is no evidence to corroborate the testimony of Nimmer Zammer, an accomplice, as required by section 2701, Comp. Stat. 1921. It is extremely doubtful if there is any sufficient corroboration. However, we do not directly pass on this question.

The case is reversed and remanded.

DAVENPORT, P. J., and CHAPPELL, J., concur.