# BESS DAVIS v. STATE.

No. A-8136.   Jan. 30, 1932.
(7 Pac. [2d] 911.)

Wieck & Armstrong, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of intoxicating liquor, with intent to barter, sell, give away, or otherwise furnish to others, and was sentenced to pay a fine of $50 and be imprisoned in the county jail for 60 days; from which judgment the defendant appeals.

The testimony on behalf of the state tends to show the officers went to the place of business of the husband of defendant, which was a filling station, grocery, and family residence, searched the place, and in a room where the defendant and the husband of the defendant were standing, near a door that led to the rear of the building, the officer saw the defendant go out of the door with something in her hands; he called to her and stopped her, and took the packages from her, and claim they contained four one-half gallon jars containing whisky; the defend-

ant's husband was arrested, and later this defendant was arrested.

The defendant testified in her own behalf she had been down to a telephone some distance away and got back a short while before the officers came; that, when the officers came in the front way, one of them came on back to their living apartments, and the husband came back from the front of the building to this room; she was standing near the door leading out the back way and her husband told her to take those paper sacks near the door out, and she did as he directed her. The officer making the search says he did not hear the husband say anything to the wife. Some time after the search was made the defendant was arrested.

The defendant states positively that her husband commanded her to take the packages out of the building; she further states she did not know what they contained; that she had nothing to do with the packages her husband directed her to take out of the building, nor did she know what was in the paper sacks; the officer states he could not tell what was in the paper sacks when the defendant went out of the door with them, and could not see what they contained until he opened up the sacks. This is in substance the testimony.

The defendant has assigned several errors alleged to have been committed in the trial of her case. It is argued by the defendant that the court erred in overruling her motion for a new trial. Under this assignment, all the other questions raised and discussed by the defendant are included.

There is no evidence on behalf of the state contradicting or rebutting the evidence of the defendant that

whatever action defendant took with reference to the whisky was taken by command and direction of Bert Davis, her husband. The state's evidence shows clearly whatever action the defendant took with reference to handling any whisky was in the immediate presence of her husband. The only connection the defendant had with the whisky, as shown by the record, is that she started from the door in one of the rooms where the family lived with the paper sacks, and when the sacks were taken from her by the officer they contained jars filled, or partly filled, with what the officer said was whisky. There is but little dispute between the testimony of the state and the defendant as to what took place in the building. The only dispute being the officer claims he did not hear the husband say anything to the defendant about taking the paper sacks out of the house. He would not say the conversation did not take place.

It is urged by the defendant that the testimony in this case is sufficient to show that any part the defendant in this case took in handling the whisky was at the direction and command of her husband, and that she did not have any knowledge there was any whisky in the paper sacks the husband ordered her to take out of their home.

Section 1514, C. O. S. 1921, is as follows:

"The involuntary subjection to the power of a superior which exonerates a person charged with a criminal act or omission from punishment therefor, arises either from: First: Duress; or, second: Coverture."

In Neff v. State, 28 Okla. Cr. 448, 231 Pac. 898, the court said:

"Notwithstanding the recent development in the emancipation of women, a wife is still presumed to be under duress of her husband, where a crime is committed by

the husband in her presence. In this case the husband had just been carried away and incarcerated in jail. The whisky the officers smelled may have belonged to him, and the wife may have had no intention of disposing of the liquor."

In Ferguson et al. v. State, 29 Okla. Cr. 238, 233 Pac. 497, in the second syllabus, the court said:

"Under Comp. St. 1921, § 1516, wife acting in concert with husband, in his presence, in commission of offense, is presumed to be under his influence and duress."

In Sanders et al. v. State, 48 Okla. Cr. 65, 289 Pac. 798, in the first paragraph of the syllabus the court said:

"A subjection sufficient to excuse from punishment may be inferred, in favor of a wife, from the fact of coverture, where she committed the act charged in the presence and with the assent of her husband, except where such act is a participation in the crimes named in section 1516, C. O. S. 1921." Zammer v. State, 51 Okla. Cr. 125, 300 Pac. 325.

The charge in this case is not embraced within the crimes enumerated in section 1516, C. O. S. 1921. It is not denied that whatever action was taken by the defendant in this case was done by direction and command of her husband and in his presence.

For the reasons stated, the case is reversed.

EDWARDS and CHAPPELL, JJ., concur.