ZETTA SENTELL v. STATE.

No. A-9160. April 16, 1937.
(67 Pac. [2d] 466.)

230

Francis K. Trimble, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J. The information in this case charged that in Beckham county, on the 20th day of November, 1935, Ike Sentell and Zetta Sentell did unlawfully have the possession of a still fit for the manufacture of intoxicating liquors.

Upon her separate trial the jury returned a verdict finding the defendant Zetta Sentell guilty of "the possession of a still as charged in the information" and fixing her punishment at a fine of $150 and 90 days' imprisonment in the county jail. She has appealed from the judgment rendered on the verdict.

It appears that the defendant was poor and on account of her poverty was unable to employ an attorney in making her defense, and counsel was assigned her by the court.

Many errors are assigned upon exceptions taken to the rulings of the court on the trial. The only question that we deem necessary to discuss is the sufficiency of the evidence to sustain the conviction.

K. T. Henson testified that he was under-sheriff and on November 20, 1935, in company with three deputies, went to the farm home of the defendants five or six miles south of Sayre; that Mrs. Zetta Sentell was in bed and appeared to be ill; that he gave her a copy of the search warrant; that after the still was found he asked Mrs. Sentell whose still that was; she told him her husband said he was working for somebody and it might be he owned it himself; that this raid was made in the middle of the afternoon.

Deputy Sheriff Phillips testified that he was one of the officers on the raid and he found this still in operation in a shed about 100 yards from the Sentell home; that Mrs. Sentell was the only person on the premises and he arrested her.

Joe Welch testified that he was one of the officers on the raid; that they found a still in operation, a keg of whisky, and several barrels of mash in a shed on the premises.

When the state rested the defendant interposed a demurrer to the evidence, for the reason the same is insufficient to connect this defendant with the offense charged in the information and moved the court to dismiss the case as to this defendant.

And for the further reason the evidence shows that Ike Sentell and Zetta Sentell are husband and wife, and where she committed the act charged in the presence of her husband, the law presumes that she committed the act under his direction, and there is no evidence to rebut this presumption, and moved the court to instruct the jury to return a verdict of not guilty.

Demurrer and motion overruled. Exceptions reserved.

Zetta Sentell, as a witness in her own behalf, testified that she was the wife of Ike Sentell; that she and her husband lived together on the premises where the still was found; that her home there was provided for by her husband and she occupied the same at his direction; that she had never been to the shed in which the still was found and her only information of said still was hearsay; that she had no interest or part in its operation; that there never was any whisky brought into the house; that her husband left the house going to the shed about 30 minutes before the officers arrived.

At the close of all the evidence the defendant moved for a directed verdict on the ground that the evidence was insufficient to warrant a conviction, which motion was overruled. Exception.

The defendant contends that the verdict is contrary to law and the evidence for the following reasons:

"That subjection is inferred from coverture and excuses a wife for crime committed in the presence and with

the consent of her husband; that the state failed to rebut the presumption of innocence created by coverture, and that the state failed to connect this defendant with the actual possession of said still."

That under the statute, section 1652 (32 Okla. St. Ann. § 2), providing that:

"The husband is the head of the family. He may choose any reasonable place or mode of living and the wife must conform thereto."

It was incumbent upon the state to prove independent acts connecting Zetta Sentell with the possession of said still and more than her mere presence on the premises.

That under Penal Code, § 1802 (21 Okla. St. Ann. § 157), providing that:

"A subjection sufficient to excuse from punishment may be inferred in favor of a wife from the fact of coverture whenever she committed the act charged in the presence and with the assent of her husband, except where such act is a participation in:" etc.

Murder, treason, and 16 other named crimes under certain circumstances are made exceptions. Offense created by the prohibition enforcement laws are not excepted. Citing Neff v. State, 29 Okla. Cr. 2, 231 Pac. 898; Ferguson v. State, 29 Okla. Cr. 238, 233 Pac. 497; Sanders v. State, 48 Okla. Cr. 65, 289 Pac. 798; Davis v. State, 53 Okla. Cr. 85, 7 Pac. (2d) 911; Crowdis et ux. v. State, 59 Okla. Cr. 297, 58 Pac. (2d) 154.

The general rule that, as to criminal acts committed in the presence of her husband, a married woman is presumed to have acted under coercion, is, of course, where recognized, applied to cases of liquor-law violation. But in proving the unlawful manufacture, or the possession of

liquor, or the maintenance of a liquor nuisance, distinctive questions are presented in reference to inferences arising from the wife's presence, her failure to object or to take other action, or her assistance rendered in avoiding detection of the crime. In such cases, the rule generally recognized, even where the presumption of coercion does not obtain, is that the husband as the head of the household is presumptively responsible for conditions there, and that the wife cannot be held accountable therefor in the absence of some evidence of guilt in addition to the fact of her mere presence in the place of the offense. See 71 A. L. R., annotation, p. 1127.

In Dressler v. State, 194 Ind. 8, 141 N. E. 801, 803, it was, in effect, held that the mere presence of a still in the home of the defendant and husband, under circumstances not inconsistent with the operation thereof merely by the husband, did not amount to a showing that the wife unlawfully possessed the still. The court said:

"The effect, and only possible effect, of the evidence, was to prove the fact that August Dressler had in his home a still and mash sufficient to produce a little over two pints of whisky. * * * Appellant was the wife of August Dressler. * * * By law, his domicile is her domicile, and if the offense here charged was committed by appellant, the physical facts conclusively show that it was done in his presence. There is no pretext for saying that the liquor found was produced by appellant after her husband had left his home."

In Tewmy v. Com., 206 Ky. 522, 267 S. W. 1087, it was held that, although there is no presumption of coercion in Kentucky (under the rule of King v. Owensboro, 187 Ky. 21, 218 S. W. 297), a wife is not guilty of unlawfully possessing intoxicating liquor merely because such liquor is found upon premises occupied by herself and husband; "he of course being, under the proven facts,

the head of the family as well as the controller of the premises." The court said: "Even if the wife, under the proven facts, had knowledge of the possession of the liquor by her husband, there might be considerable doubt as to whether she could be convicted without further proof of her joint participation in that possession" since it might not be concluded that under such circumstances "she would be called upon, in order to exculpate herself, to abandon her home, and separate from her husband, and dissolve the bonds of matrimony between them."

It may be said that marriage does not take from the wife her general capacity to commit crime, but it casts upon her the duty of obedience to her husband, and, in the absence of proof to the contrary, the law indulges a presumption that, where a crime, with some exceptions, was committed by a married woman, conjointly with or in the presence of her husband, prima facie she was not criminally liable, as it is presumed that she acted in obedience to his commands and under his coercion.

In some jurisdictions the presumption of coercion has been abolished by statute, and married women are made fully liable for their criminal acts, see State v. Renslow, 211 Iowa, 642, 230 N. W. 316, 71 A. L. R. 1111, while in other jurisdictions they have been expressly declared incapable of committing crimes, except felonies, when acting under the threats, command, or coercion of their husbands.

In 13 R. C. L. p. 1238, § 275, it is said:

"According to the better view, where a married woman commits a criminal act in the presence of or jointly with her husband, the presumption of coercion is prima facie only, and she may be held criminally liable if it is shown that she acted of her free will and volition. This

presumption is very slight and may be rebutted by slight circumstances. Still practical weight must be given to this presumption, and in the absence of any evidence to rebut it, her conviction cannot be sustained."

In the instant case a prima facie case of coercion was established when it was shown that the defendant was a married woman, occupying the premises with her husband as their home, and that the criminal act, the unlawful use of the premises, was in the presence of her husband, and there was no evidence offered tending to show that she acted upon her own initiative or that she acted freely and of her own volition, and there was no evidence offered to rebut the presumption that she acted under coercion of her husband.

In this connection it appears that the defendant offered and requested the court to give an instruction on the presumption of law and requiring the jury to find that she was acting independently of her husband's control in order to find her guilty. This instruction was refused by the court, and the instructions given by the court did not submit the question of whether she was a free agent or acting under the direction of her husband.

It is well-settled law in this state that if there is evidence to support the conviction this court will not weigh the sufficiency of the same to support the verdict. It is, however, equally well-settled law in this state that this court will consider all the evidence to ascertain whether a verdict is in fact founded upon sufficient evidence to warrant a conviction.

If the evidence introduced by the state fails to incriminate the defendant, or as a matter of law is insufficient to show that the defendant is guilty of the offense charged, it is not only the right but the duty of the trial

court to advise the jury to return a. verdict of acquittal. Procedure Criminal, section 3090 (22 Okla. St. Ann. § 850).

Upon a careful consideration of the evidence offered on behalf of the state, we are clearly of opinion that for the reasons stated, it wholly fails to show that this defendant was guilty of the offense charged, and for this reason the trial court should have sustained the defendant's demurrer thereto. And the trial court should have sustained the motions of the defendant for a directed verdict of acquittal because the evidence was insufficient to warrant a conviction.

Because the verdict is contrary to law and the evidence entirely insufficient to sustain a conviction, the judgment appealed from is reversed, and the cause remanded, with direction to discharge this defendant.

DAVENPORT, P. J., and BAREFOOT, J., concur.