# ROBERT RIGGS v. STATE.

No. A-9355. April 29, 1938.
(78 P. 2d 1075.)

D. H. Wilson and Perry Porter, both of Miami, for plaintiff in error.

DOYLE, J. The information in this case charged that Robert Riggs did in Ottawa county, on or about the 13th of February, 1937, have possession of intoxicating liquor with the unlawful intent to transport, sell or otherwise furnish the same to others. The jury returned a verdict finding him guilty as charged in the information, fixing his punishment at six months in the county jail and a fine of $500.

To reverse the judgment rendered on the verdict, April 17, 1937, he prosecutes this appeal.

The errors relied on for reversal are: Error in overruling motion to suppress the evidence; error in overruling defendant's demurrer to the evidence, on the ground that the same was obtained under an unreasonable search and seizure; and error in overruling defendant's challenge to certain jurors.

This conviction rests upon evidence obtained by means of a search and seizure under a John Doe search warrant issued upon an affidavit reciting that affiant:

"Has probable cause to believe and does believe that intoxicating liquors are being unlawfully kept, stored upon the following described premises."

The search warrant was addressed as follows:

"To any sheriff, Constable, Marshal, or Policeman in this state."

By numerous decisions of this court, it is held that an affidavit or complaint for a search warrant, made upon information and belief, is invalid, and a search and seizure made upon a search warrant issued upon it is illegal. Garrett v. State, 40 Okla. Cr. 195, 267 P. 683; Sprinkle v. State, 36 Okla. Cr. 36, 251 P. 614; Hancock v. State, 35 Okla. Cr. 96, 248 P. 1115; Brandt v. State, 34 Okla. Cr. 400, 246 P. 1106; Hall v. State, 34 Okla. Cr. 334, 246 P. 642; Magin v. State, 25 Okla. Cr. 361, 220 P. 666.

In Bishop v. State, 47 Okla. Cr. 249, 288 P. 363, this court held:

"A search warrant is process within the meaning of article 7, § 19, and section 862, C. O. S. 1921 [12 Okla. St. Ann. § 51] and must run in the name of the state of Oklahoma, and under the provisions of section 7009 [37 Okla. St. Ann. § 84] the warrant must be directed to a peace officer in the county in which it is issued for service."

And see Denton v. State, 62 Okla. Cr. 8, 70 P. 2d 135.

It is also contended that the court erred in overruling defendant's challenge to the special venire of jurors summoned on the ground that the same were selected by Milton McCullough, undersheriff, one of the witnesses for the state, upon an open venire.

Upon the hearing Mr. McCullough testified that he summoned the jurors named. That the sheriff was also a witness for the state. At the conclusion of the hearing the challenge was overruled.

It has been repeatedly held by this court that it is essential to a fair and impartial administration of justice that an open or special venire should be summoned by an officer who is not disqualified by reason of interest, bias, or prejudice.

Under the provisions of section 2987, Procedure Criminal 1931, 22 Okla. St. Ann. § 639, when a panel is formed, or in part formed, from jurors whose names are not drawn from the jury box, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror. Koontz v. State, 10 Okla. Cr. 553, 139 P. 842, Ann. Cas. 1916A, 689; Liddell v. State, 18 Okla. Cr. 87, 193 P. 52, 16 A. L. R. 405; Lyde v. State, 21 Okla. Cr. 426, 209 P. 226; Welch v. State, 36 Okla. Cr. 298, 254 P. 503.

On the authority of the cases cited it was prejudicial error to overrule defendant's challenge to the special venire of jurors served by the undersheriff.

For the reasons stated the judgment of the lower court is reversed and the cause remanded, with direction to dismiss.

DAVENPORT, P. J., and BAREFOOT, J., concur.