## HARDIN N. BOYDSTUN v. STATE.

No. A-9354. April 29, 1938.
(78 P. 2d 1076.)

D. H. Wilson and Perry Porter, both of Miami, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J. The information in this case charged that Hardin N. (Jack) Boydstun did in Ottawa county, on or about the 26th day of February, 1937, have possession of intoxicating liquor with the unlawful intent to transport, sell or otherwise furnish the same to others. The jury returned a verdict finding him guilty as charged in the information and fixing his punishment at six months in the county jail and a fine of $500.

To reverse the judgment rendered on the verdict, April 17, 1937, he prosecutes this appeal.

The errors relied on for a reversal are: Error in overruling motion to suppress the evidence; error in overruling defendant's demurrer to the evidence, on the ground that the same was obtained under an unreasonable search and

seizure; and error in overruling the defendant's challenge to certain jurors.

This appeal presents the questions decided in the opinion in the case of Riggs v. State, 64 Okla. Cr. 255, 78 P. 2d 1075, opinion this day handed down.

The issues in these cases have heretofore been before this court in an indirect manner, in that much of the procedure on the trial was referred to and reviewed in the case of Fisk v. Venable, 61 Okla. Cr. 360, 68 P. 2d 425.

For the reasons stated in the case of Robert Riggs v. State, 64 Okla. Cr. 255, 78 P. 2d 1075, the judgment of the lower court is reversed and the cause remanded, with direction to dismiss.

DAVENPORT, P. J., and BAREFOOT, J., concur.