## DAVE WILLARD v. STATE.

No. A-9535. June 30, 1939.
(92 P. 2d 600.)

Clay Snodgrass, of Altus, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam Lattimore, Asst. Atty. Gen., for the State.

DOYLE, P. J. On information charging that in Greer county on the 13th day of October, 1937, Dave Willard did have in his possession 14 pints of whisky and 5 pints of gin, with the unlawful intent to sell the same, he was tried and convicted. Motion for new trial was duly filed and overruled on February 17, 1938; thereupon the court in accordance with the verdict of the jury sentenced the defendant to be confined in the county jail for 30 days and to pay a fine of $60.

From the judgment he appealed by filing in this court June 17, 1938, petition in error with case-made.

The only question presented on this appeal is as to whether or not the court erred in overruling the defendant's motion to suppress the evidence.

When the case came on for trial, the defendant filed a motion to suppress the evidence on grounds which may be summarized as follows: That the evidence was illegally obtained by means of an unlawful search of defendant's

residence, in that the search warrant did not run "in the name of the State of Oklahoma"; that the search warrant was void, in that it authorized the search of more than one place, and "that the affidavit for the search warrant was not filed before the magistrate"; that said search was illegal and unreasonable under section 30 of art. 2 of the state Constitution, Okla. St. Ann.

In support of the motion to suppress, Herschal Ross, court clerk, testified that defendant's Exhibit "A" was the affidavit for search warrant on which the information in this case was filed. Asked if it bears any filing marks, answered: "No." Exhibit "A" admitted in evidence solely for the purpose of the motion to suppress. The caption is as follows:

"State of Oklahoma, County of Greer: ss.

"In The Justice Court in and for Mangum District, Greer County."

The place to be searched is described in said affidavit as follows:

"That the North one half of Block twenty four Powers Second Addition to the City of Mangum, West of the Indian Meridian, in Greer County, Oklahoma, including the residence, barns, sheds, cribs, dug-outs and other out buildings on said lands."

And further reciting:

"That the said Dave Willard willfully and unlawfully has said intoxicating liquors stored in his said residence and in the other said place for said unlawful purposes; That said residence and said premises are places of public resort."

The witness handed defendant's Exhibit "B," stated that it was the search warrant on which the search and seizure was made, as charged in the information. Asked to state if it has any filing marks on it showing filing in the office of the court clerk, answered "No."

The caption of the warrant, Exhibit "B," is as follows:

"Before J. N. Caddel, Justice of the Peace, Mangum, Oklahoma. The State of Oklahoma v. Dave Willard. Search Warrant." The warrant following the caption begins as follows: "The State of Oklahoma, to the sheriff, any deputy sheriff, constable or other peace officer of Greer County, State of Oklahoma, Greetings."

Dave Willard, the defendant, in support of the motion to suppress, testified:

"I live at 1117 North Oklahoma Avenue, I occupy 50 feet North and South, and 100 feet west; Charley Warren lives west of the alley on the west side of that block."

On cross-examination he stated that his house was the only house on the north half of block 24.

At the close of the hearing, the court made the following ruling:

"This court rules it is not necessary to file the affidavit for search warrant and the warrant in this court.

"The second ground to suppress evidence is that the defendant lives on the North 50 feet of the east half of block 24. The court knows and takes judicial knowledge of the public record that the alley mentioned separates two entirely different blocks, and that the property of Charley Warren across the alley is an entirely different block; therefore the court rules that the description of the land is sufficient. Motion to suppress overruled. Exceptions."

The defendant's first contention that the search warrant was fatally defective in that it did not run "In the name of the State of Oklahoma," is in the face of the record destitute of merit. We deem it unnecessary to point out the difference between this warrant and other instruments involved in the decisions cited by counsel. The same are fully reviewed and distinguished in the opinion of this

court in the case of Handley v. State, 65 Okla. Cr. 268, 85 P. 2d 436, holding that:

"A search warrant which reads 'In the Name of the State of Oklahoma' and which was in identical terms with the search warrant used in the statute, ran in the name of the state of Oklahoma as provided by statute and by the section of the Constitution providing that the style of all writs and processes shall be 'The State of Oklahoma.' Okla. St. Ann. Const. art. 7, § 19; 12 Okla. St. Ann. § 51; 22 Okla. St. Ann. § 1226."

The defendant's second contention, that the search warrant was void in that it authorizes a search of more than one place, is frivolous. There is nothing in the record to support this contention.

The defendant's third contention, that as the affidavit for the search warrant shows upon its face that the same was never filed before the magistrate the search warrant was void, is without merit. A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file. 1 Littleton 113; 1 Hawk. Pl. Cr. 7, 207.

Since the word "file" means to deposit in a court or public office a paper or document, filing consists of delivery of the same to the proper officer for the purpose of being kept on file by him in a proper place.

In the sense of a statute requiring the filing of a paper or document, it is filed when delivered to and received by the proper officer to be kept on file. The word carries with it the idea of permanent preservation of the thing so delivered and received; that it may become a part of the public record. It is not synonymous with deposit. People v. Peck, 67 Hun, 560, 22 N. Y. S. 576.

It follows that the defendant was not prejudiced by failure to make the usual indorsement of "filed" and date of filing on the affidavit which was in fact filed and kept on file in the office of the justice of the peace, and the neglect or mistake of the magistrate to indorse the proper

date of filing thereon does not affect the validity of the affidavit.

From an examination of the entire record, it appears that the defendant was accorded a fair and impartial trial. The evidence of guilt is conclusive and no material error is apparent. The judgment and sentence appealed from is, therefore, affirmed.

BAREFOOT and DAVENPORT, JJ., concur.