## DAVE WILLARD v. STATE.

No. A-9536. June 30, 1939.

(92 P. 2d 602.)

Clay Snodgrass, of Altus, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam Lattimore, Asst. Atty. Gen., for the State.

DOYLE, P. J. On information charging that in Greer county on the 27th day of January, 1938, Dave Willard did have in his possession eight pints of whisky with the unlawful intent to sell the same, he was tried and convicted. Motion for new trial was duly filed and overruled on February 17, 1938; thereupon the court, in accordance with the verdict of the jury, sentenced the defendant to be confined

in the county jail for 30 days and to pay a fine of $50 and the costs.

From the judgment he appealed by filing in this court on June 17, 1938, petition in error with case-made.

The assignments of error are that the court erred in overruling the defendant's motion to suppress the evidence, and that the verdict is not supported by and is contrary to the law and the evidence.

The question presented on the first assignment is identical with the question decided in the case of Dave Willard v. State, 66 Okla. Cr. 344, 92 P. 2d 600, opinion this day handed down, holding adversely to the contention made.

The evidence shows that on the date alleged three officers went to the home of the defendant with a search warrant to look for intoxicating liquor. The warrant was served on the defendant. In making the search no liquor was found in the house of the defendant, but in their search of the premises they looked into a car, a Plymouth two-door sedan, parked about 15 feet back of the house, and saw some whisky bottles and a spade; the bottles were wrapped in paper sacks and the sacks had been torn from two or three of the bottles. The sacks were wet and muddy. The defendant was present when the officers seized the 8 pint bottles of whisky found in the car, and the same were identified and introduced in evidence on the trial of the case.

Each of the officers testified to their personal knowledge the defendant was the owner of the car in which the liquor was found.

At the close of the state's evidence, the defendant interposed a demurrer thereto, on the ground that the same was obtained through an unlawful and unreasonable search of the defendant's premises, and that the evidence was in-

sufficient to support a conviction. The demurrer was over-ruled and exception allowed.

The defendant did not testify and no witness was called on the part of the defense.

Upon the record before us, it appears that the verdict of the jury is fully sustained by the evidence. The trial was in all respects fair, and we are unable, after careful examination, to find anything in the record to warrant us in interfering with the verdict and judgment of conviction.

The judgment appealed from is accordingly affirmed.

BAREFOOT and DAVENPORT, JJ., concur.