## VIOLA STEWART v. STATE.

No. A-9777.   March 5, 1941.
(111 P. 2d 200.)

H. M. Shirley, of Coalgate, for defendant.

Mac Q. Williamson, Atty. Gen., for the State.

BAREFOOT, P. J.   Defendant was charged in the county court of Coal county with the crime of unlawful possession of intoxicating liquor, was tried, convicted, and sentenced to pay a fine of $50 and serve 30 days in the county jail, and she has appealed.

This charge grew out of a search of the home of defendant, who was living with her husband, at Centrahoma, in Coal county, on the 28th day of March, 1939.  The search was made by a deputy sheriff of Coal county as a result of an affidavit made by him in which the property to be searched is described as follows: "* * * the premises, outbuildings and appurtenances, residence and business house of said defendant located on lots 5 and 6 in Block 47 and Lot 5 in Block 27 in the City of Centrahoma, Coal County, Oklahoma."

The eight and one-half pints of liquor upon which the charge was based were found in the residence of the defendant and her husband.  No liquor was found in the place of business, which was a place where beer was sold by Swanson Edwards, who was jointly charged with defendant, and as to whom there was a mistrial in this case. The place of business and the residence were situated about 300 feet apart.  The deputy who executed the search warrant testified to the finding of an internal revenue license of the $25 type tacked up in the place of business.  This license was in the name of Chester Stewart, the husband of the defendant.  There was no evidence in the record as to whether this was a license to sell beer or intoxicating

liquor. The only evidence that defendant was connected with the place of business was that the deputy sheriff testified that her codefendant, Swanson Edwards, told him the day after the search was made that defendant, Viola Stewart, was a partner of his. Swanson Edwards denied that he made this statement. If made, it was made in an effort by the officer to get the defendant Edwards to lay the blame on the defendant, and he refused to make an affidavit to that effect. The statement of codefendant, Edwards, if made, was not in the presence of defendant and was hearsay and not binding upon her. Bohannan v. State, 24 Okla. Cr. 103, 215 P. 1078.

Defendant testified that the whisky found did not belong to her, but was her husband's. That he had brought the same to their home the night before the search and had left there, and she had not seen him since that time. That she made no examination of the liquor, and only knew what her husband told her.

Under the above statement, the judgment and sentence in this case could not stand under the law and the evidence. But aside from this fact, the affidavit for the search warrant in this case did not state any of the essential facts necessary for the search of the home of the defendant. There was no statement or allegation that any part of it was used as a store, shop, hotel, boarding house, or place of storage, or that it was a place of public resort, as provided by statute. Oklahoma Statutes 1931, section 2639, Oklahoma Statutes Annotated, Title 37, section 88.

The only allegation of fact in the affidavit was: "Affiant states that he has seen persons go to and from said places hereinafter described who have the reputation of being users of intoxicating liquors." This is practically the only fact alleged in the affidavit. The other part is based upon information and belief.

It is also contended that the search warrant is illegal for the reason that it does not run in the name of the State of Oklahoma, as provided by Oklahoma Constitution, article 7, section 19, Okla. St. Ann., and Oklahoma Statutes 1931, section 19, Oklahoma Statutes Annotated, Title 12, section 51. The warrant in question was as follows:

"State of Oklahoma, Plaintiff, v. Mrs. Viola Stewart, Defendant. No. 844.

"To any Peace Officer of Coal County—Greetings:"

In the case of McAdoo v. State, 36 Okla. Cr. 198, 253 P. 307, a search warrant practically identical with the one in this case was held not to run in the name of the state and was therefore void. See, also, the following cases: Bishop v. State, 47 Okla. Cr. 249, 288 P. 363; Woods v. State, 46 Okla. Cr. 288, 287 P. 769; State v. Bayliff, 59 Okla. Cr. 381, 60 P. 2d 402; Riggs v. State, 64 Okla. Cr. 255, 78 P. 2d 1075; Boydstun v. State, 64 Okla. Cr. 258, 78 P. 2d 1076; Denton v. State, 62 Okla. Cr. 8, 70 P. 2d 135; Willard v. State, 66 Okla. Cr. 344, 92 P. 2d 600.

The defendant requested the court to instruct the jury upon the question of coverture which was raised by the evidence of the defendant. The court refused to so instruct, and no instructions were given by the court upon this subject. This, we think, was also error. Oklahoma Statutes 1931, section 1802, Oklahoma Statutes Annotated, title 21, section 157, provides when a wife may be excused from the commission of a crime by reason of coverture. The crimes of murder and treason and 16 other crimes under certain circumstances are made exceptions. Offenses created by the prohibition enforcement laws are not excepted. The general rule is that when criminal acts are committed by a married woman in the presence of her husband, she is presumed to have acted under coercion. This rule applies to liquor law violations the same as any other

law. Of course, this presumption may be overcome by evidence. This presumption is very slight and may be rebutted by slight circumstances, but there must be some evidence to rebut it. For a full discussion of this question, see the following cases: Davis v. State, 53 Okla. Cr. 85, 7 P. 2d 911; Sentell v. State, 61 Okla. Cr. 229, 67 P. 2d 466; Paris v. State, 66 Okla. Cr. 236, 90 P. 2d 1078.

For the reasons above stated, the judgment and sentence of the county court of Coal county is reversed, with directions to dismiss.

JONES and DOYLE, JJ., concur.