GOLDIE IOLA STEWART v. STATE.

No. A-10008. June 10, 1942.

(127 P. 2d 209.)

Laynie W. Harrod, of Oklahoma City, for appellant.

Mac Q. Willimason, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for the State.

BAREFOOT, P. J. Defendant, Goldie Iola Stewart, was charged in the court of common pleas of Oklahoma county with the crime of unlawful possession of intoxicating liquor, was tried, convicted and sentenced to pay a fine of $50 and to serve a term of 30 days in jail, and has appealed.

The charges in this case are the result of the search of premises at 10 S. Klein street in Oklahoma City, which was the home of defendant and her husband, Johnnie Stewart. This search was made by two police officers of Oklahoma City and was on the night of February 14, 1941. Each of the officers testified that defendant was present in the front part of her home at the time the search was made, and there was found a pint of corn

whisky sitting on the table in the kitchen, and that one of the officers found a plant on the outside of the building in which there were 25 pints of corn whisky. A colored boy by the name of Ocie Love, who occupied a room at these premises, which was shown by the evidence to have been rented from the husband of defendant, was asleep at the time of the search. The officers, when they found the liquor, questioned Ocie Love, who denied the ownership or possession of the liquor, and defendant also denied the possession and stated to the officers that she had just returned to her home from Cushing, Okla., where she had been visiting her mother for the past week. Her husband had gone to Cushing to get her, but had just left the house prior to the search and was not present at the time it was made. The officers informed the defendant that if she did not tell them to whom the whisky belonged, they would take her down to the station. She borrowed money from some parties who were at her home, and made a $20 cash bond at the police station. This bond was forfeited by her upon advice from one of the police officers. This charge was then filed against her in the court of common pleas.

After the state had closed its case, the defendant testified in her own behalf as above outlined and denied the ownership or possession of the liquor. She stated that she had returned to her home with her husband about 30 minutes before the search was made. She introduced several witnesses, including her mother, who corroborated her testimony. She also introduced a number of witnesses who testified to her good reputation and character. This evidence was in no way contradicted by the state. The court did not give any charge to the jury upon the question of good character and reputation. Two witnesses testified for defendant, one who had attended her place and

her chickens during the time she was in Cushing, and another who had stayed at her home, that they saw Ocie Love place the liquor in the plant where it was found. The evidence also revealed that Ocie Love was in the federal reformatory at El Reno, where he was serving a term for a violation of the federal prohibition law. Her husband was also in the Enid jail, where he was serving a term for a violation of the federal liquor law. From the above statement, it is clear that the court should have sustained a motion to direct a verdict in favor of the defendant.

The general rule is that when criminal acts are committed by a married woman in the presence of her husband, she is presumed to have acted under coercion. This rules applies to liquor law violations the same as any other law. Of course, this presumption may be overcome by evidence. This presumption is very slight and may be rebutted by slight circumstances, but there must be some evidence to rebut it. Stewart v. State, 71 Okla. Cr. 292, 111 P. 2d 200; Davis v. State, 53 Okla. Cr. 85, 7 P. 2d 911; Sentell v. State, 61 Okla. Cr. 229, 67 P. 2d 466; Paris v. State, 66 Okla. Cr. 236, 90 P. 2d 1078.

In the instant case, the evidence of the defendant was not only not rebutted, but conclusively revealed that defendant was not guilty of the crime charged.

For the reasons above stated, the judgment and sentence of the court of common pleas of Oklahoma county is reversed, with directions to discharge the defendant.

JONES and DOYLE, JJ., concur.