Retirement System County Employees — Participation Garvin County employees qualify for retirement and vested deferred benefits computed under 74 O.S. 902 [74-902] (1968). The Retirement System incurred additional actuarial obligations and these should be included in the withdrawal payment to be tendered by the county. The Attorney General has had under consideration your letter dated June 24, 1968, wherein you state that the Board of County Commissioners of Garvin County, Oklahoma, filed a resolution to withdraw from the Oklahoma Public Employees Retirement System in accordance with the provisions of Senate Bill No. 765, Thirty-First Legislature, Second Session. Said Bill conditions a withdrawal upon the County paying the actuarial obligations incurred by the Retirement System during the participating period. You further state that the resolution was dated May 17, 1968, and was received by you on May 20, 1968. House Bill 594, increasing the benefits for years of prior service and the maximum salary upon which participating service benefits are computed, was enacted by the same Legislature and became effective on May 17, 1968, by virtue of the emergency clause. You then ask the following question: "We respectfully request your opinion as to whether the retirement benefits for those Garvin County employees qualifying for Retirement and Vested Deferred Retirement Benefits should be computed on the basis used before H.B. No. 594 passed or whether the increased benefits should apply?" Senate Bill No. 765, Thirty-First Legislature, Second Session, provides as follows: "Section 1. Section 10, Chapter 50, O.S.L. 1963, as amended by Section 1, Chapter 394, O.S.L. 1967 (74 O.S. 910 [74-910] (1967)), is amended to read as follows: ". . . Any county which has elected heretofore to join the Oklahoma Public Employees Retirement System may elect to withdraw therefrom by f ling a resolution to such effect with the board within thirty (30) days after the effective date of this enactment; provided, however, that such withdrawal shall be conditioned upon: "1. the county commissioners of such withdrawing county assuming responsibility on behalf of said county for payment of the amount of actuarial obligations incurred by the Retirement System during the participating period and providing the necessary information to the Secretary of the Retirement System to determine the actuarial obligations of such county; "2. arrangements for payment of all obligations of such county to the system up to the date of filing being made within sixty (60) days after notice from the system of the amount due; and . . . ." (Emphasis added) "Filing" or "to file" has been universally construed to mean the delivery of a paper or document to the proper officer to be kept on file. See 36A CJ.S. File, page 400. Also see Black's Law Dictionary, Fourth Edition, page 755. In Garcia v. Sanco Finance Company, Okl., 392 P.2d 51, the following definition appears in the body of the opinion. "The word `file' means to deposit in a court or public office a paper or document and filing consists of delivery of same to the proper officer. Armstrong v. State, 68 Okl. Cr. 105,95 P.2d 919, and Reeder v. Mitchell, 117 Okl. 21, 244 P. 733." The Court of Criminal Appeals stated in its syllabus in Willard v. State, 66 Okl.Cr. 344,92 P.2d 600: "2. A paper or document is `filed' so far as the rights of the parties are concerned when it is delivered to and received by the proper officer with whom it is filed." Hence it is abundantly clear that the resolution to withdraw must be received by the Oklahoma Public Employees Retirement System before same complies with Senate Bill No. 765, supra, and becomes effective. It is, therefore, the opinion of the Attorney General that your question should be answered as follows: Garvin County, Oklahoma, was a "participating employer" on May 17, 1968, and their employees qualified for retirement and vested deferred benefits computed on the basis of House Bill No. 594, Thirty First Legislature, Second Session. The Attorney General, therefore, concludes that the Retirement System incurred additional actuarial obligations and same should be included in the withdrawal payment to be tendered by Garvin County. (Don Timberlake)