In the Matter of Wilma Ivon **GAULT**, a child under eighteen years of age.

No. J–75–760.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1976.

John Dratz, Jr., Asst. Public Defender, Juvenile Division, Tulsa District Court, Tulsa, for appellant.

Terry Malloy, Asst., Dist. Atty., Tulsa County, Tulsa, for appellee.

## OPINION

BRETT, Presiding Judge:

Wilma Ivon Gault appeals from an order of the Juvenile Division of the District Court, Tulsa County, certifying her to stand trial as an adult for the commission of the offense of Possession of Marihuana With Intent to Distribute.

Appellant, who is married, was seventeen years old at the time of her arrest, but had reached her eighteenth birtheay prior to the certification hearing held in Juvenile Court. At the time of her arrest she was living with her husband. Another young man, a friend of her husband, shared their apartment. The petition filed in Juvenile Court alleging her to be a delinquent child charged that she, conjointly with her husband, Jay Gault, and the friend who shared their apartment, Vernon Hynes, possessed marihuana with the unlawful intent to distribute. At the certification hearing Robert Boston, an investigator for the Tulsa Police Department, testified that on August 11, 1975, he obtained a warrant to search the Gault's residence for narcotics. All three residents of the apartment were home at the time of the search. The search uncovered four pounds of a substance which appeared to be marihuara in a large garbage can liner located in the bedroom; seven baggies containing approximately an ounce each of the same green, leafy substance located in the kitchen; 113 baggies containing the same green leafy substance located within a coffee table in the living room; several boxes of baggies and scales; and several pipes. Boston testified that Hynes told him during the search that they had grown the marihuana themselves in Kansas, and had recently harvested it and brought it back to Tulsa to sell it. Boston searched the appellant's purse and discovered within it two baggies of the substance he suspected to be marihuana. Boston also testied that appellant asked him if she could "smoke another joint" before they left for the police station, and asked if she could keep one of the pipes. He said when he told her that it had marihuana residue in it and that the possession of it was against the law, she responded that it was a good pipe. A chemist report, identifying the substance discovered in the apartment as marihuana, was admitted by stipulation. Appellant's counsel introduced her marriage license for purposes of showing the fact of her marriage to Jay Gault. He also called her to the witness stand. She testified that she had objected to her husband's scheme to harvest and sell marihuana, and had attempted to persuade him not to do it. She explained the presence of marihuana in her purse by saying that on the night before the arrest one of the boys had put it in her purse when they were at a restaurant because he had become alarmed by the presence of a policeman.

On the basis of the evidence summarized above, the Juvenile Court Referee found that there was prosecutive merit to the charge against appellant. Neither party put on any other evidence relevant to the question of certification as an adult.

This appeal raises certain questions about the effect of the ancient presumption that a wife, in committing criminal acts conjointly with or in the presence of her husband, acts in obedience to his command or under his coercion and is therefore not criminally liable. The possibility that this presumption has become a legal anachronism, a rule whose reason has long since vanished, does not prevent appellant from claiming whatever benefits its employment might bring her because it remains a part of our statutory law. See, 21 O.S.1971, § 152, ¶ 7; § 155, ¶ 2; § 157; and § 159.[1]

---

1. The relevant parts of those statute provide:
   Section 152, ¶ 7:
   "All persons are capable of committing crimes, except those belonging to the following classes:
   &ast; &ast; &ast; &ast; &ast;

"7. Persons who committed the act, or make the omission charged, while under involuntary subjection to the power of superiors."
Section 155, ¶ 2:
"The involuntary subjection to the power of a superior which exonerates a person charged

The question arose in the court below in this way: The first stage of the certification hearing was limited to evidence material to the issue of whether there was "prosecutive merit" to the charge, prosecutive merit being one finding required by 10 O.S., § 1112(b). At the close of the prosecution's evidence on this point, appellant's counsel, having argued that the presumption of coercion by coverture operated to excuse his client from liability in this case, was permitted to introduce into evidence the marriage certificate of Wilma and Jay Gault and to present Wilma's testimony that she had objected to the harvesting and storing of the marihuana but had acquiesced, at last, to her husband's will. At the conclusion of that testimony the referee indicated, in a colloquy with counsel, that under the facts of the case the question of subjection arising from coverture was one to be decided by the trier of fact at a subsequent delinquency hearing or criminal trial, and that therefore further evidence relevant to the marriage or the marriage relationship was unnecessary. Counsel responded that he saw no point in calling other witnesses under the circumstances.

■ Appellant contends first that the referee's refusal to weigh the evidence and determine the question of subjection on its merits denied her her right to a full hearing. The assertion is made that two additional witnesses would have been called had not the statements of the referee indicated that calling them would be futile. We are not persuaded by appellant's reasoning. The scope of the hearing below was not unfairly restricted. Appellant's argument here loses sight of the way in which the presumption she relies upon op-

erates. The cases of this Court construing the statutory provisions of Section 155 and Section 157 make clear that these statutes create a true presumption, not a mere permissible inference. That means that once it is put into evidence that, (1) the defendant was a married woman, (2) acting in the presence of her husband, (3) in committing a crime not listed among the excepted crimes provided for in Section 157, the presumption of subjection arises and will prevail in the absence of evidence rebutting it. See, *Stewart v. State*, 71 Okl. Cr. 292, 111 P.2d 200 (1941); *Paris v. State*, 66 Okl.Cr. 236, 90 P.2d 1078 (1939). Appellant was permitted to present sufficient evidence to raise the presumption in her favor. She did not argue below and does not contend in this appeal that there was evidence of actual duress, actual compulsion by force or fear. See, 22 O.S.1971, § 156. Further evidence relevant to the marriage relationship would have been merely cumulative in the clearest sense. As the referee below pointed out, the presumption of subjection which arises from coverture is a slight one, rebuttable by slight circumstances. *O'Donnell v. State*, 73 Okl.Cr. 1, 117 P.2d 139 (1941). There is evidence in the record that this appellant acted freely: two baggies of marihuana were found in her purse at the time of her arrest; by her testimony that marihuana came from the large amount stored in the apartment; she asked the arresting officers if she could smoke another marihuana cigarette before leaving the apartment; she expressed regret at losing a pipe containing marihuana residue because it had been a good one. Whether that evidence is sufficient to rebut the statutory presumption at issue here is a question to be

---

with a criminal act or omission from punishment therefor, arises either from:

    *      *      *      *      *

"2. Coverture."

Section 157:

"A subjection sufficient to excuse from punishment may be inferred in favor of a wife from the fact of coverture whenever she committed the act charged in the presence and

with the assent of her husband, except where such act is a participation in: [exceptions omitted]"

Section 159:

"The inference of subjection arising from the fact of coverture may be rebutted by any facts showing that in committing the act charged the wife acted freely."

presented to the trier of fact at trial. It is clearly a sufficient showing by the State to support a finding that the charge against appellant has prosecutive merit. That determination, it is to be remembered, is not the same as a determination of guilt or innocence at trial. The referee was no more required to weigh the evidence and determine whether this presumption was overcome by the State, than she was required to weigh the evidence of guilt and determine that the presumption of innocence, also operating in favor of appellant, was overcome by the evidence of the State.

In disposing of appellant's first contention we have answered her second, which is that the presumption of subjection was not affirmatively overcome by the prosecution in this case. We state again that the prosecution offered some evidence that appellant acted of her own free will. That evidence, when considered with other evidence that appellant, conjointly with others, possessed marihuana with the intent to distribute it is sufficient to support the finding of prosecutive merit.

The order of the Juvenile Division of the District Court appealed from certifying appellant to stand trial as an adult for the offense of possession of marihuana with intent to distribute is *affirmed*.