## MILWAUKEE BEER CO. *et al.* v. STATE.

No. 6054.   Opinion Filed February 1, 1916.

(155 Pac. 200.)

1.   **INTOXICATING LIQUORS—Proceedings Under Search Warrant —Interplea—Dismissal.** A search warrant was issued by the county judge of Pawnee county under sections 3612, 3613, and 3615, of article 3, c. 79, Rev. Laws 1910, entitled "Intoxicating Liquors," directing the sheriff of said county to search the depot, cars, and other premises in the town of Keystone, Okla., in said county, for intoxicating liquors.   The sheriff returned the warrant showing seizure of 19 barrels of beer found in the depot of the Frisco Railway Company in said town and county.   Upon the return of the warrant, the magistrate, as provided by law, fixed a time for hearing upon said return to determine whether or not the property so seized, or any part thereof, was kept or used in violation of any of the provisions of the statute in regard to intoxicating liquors.   On the day fixed for hearing, the Milwaukee Beer Company appeared and filed an interplea, claiming to be the owner of said property, and further alleging therein that at the time said beer was seized it was in the possession of the Frisco Railway Company; that said railway company was operating a line of railroad engaged in interstate commerce between Keystone, Okla., and Joplin, Mo.; and that the same was not in the possession of said company for the purpose of violating any law, but was held by it for the sole purpose of transportation as interstate commerce between the points named, and at the time the same was seized it was the property of the interpleader and held by the railway company for no other purpose than that of transportation from the State of Oklahoma to the State of Missouri; and that said beer was not kept nor held by the railway company for the purpose of sale, or any other unlawful or illegal purpose.   To this interplea the county attorney, representing the state, filed a general demurrer, which was sustained by the court, and the interplea dismissed.   **Held,** that under section 3613, **supra,** which provides that, "if, upon such hearing, it shall appear that any property so seized was not kept or used for an unlawful purpose,   *   *   *   the same shall be returned to its lawful owner," the interpleader was entitled to a hearing under the allegations of its interplea and the court erred in sustaining said demurrer and dismissing said plea.

2.   **SAME—Particularity of Description in Search Warrant.** The particular statutes under consideration, in reference to search warrants, should receive a broader and more liberal construction

than the general statutes in reference to common-law search war-
rants, and it is not necessary in the complaint or warrant to de-
scribe the liquor or property to be searched for, nor the prem-
ises to be searched, with that degree of particularity and nicety
that is required for common-law search warrants.

(Syllabus by Robberts, C.)

*Error from County Court, Pawnee County;*
*George E. Merritt, Judge.*

Proceeding under search warrant by the State,
wherein the Milwaukee Beer Company filed an interplea.
Interplea dismissed, and interpleader brings error. Re-
versed and remanded.

*McNeil & McNeil,* for plaintiff in error.

Opinion by ROBBERTS, C. This case comes from
the county court of Pawnee county, and is a proceeding
under search warrant as provided for in article 3, c. 39,
entitled "Intoxicating Liquors," Rev. Laws 1910, sections
3612, 3613, and 3615 of which article are as follows:

"3612. If it shall be made to appear to any judge
of the district or county court or justice of the peace
that there is probable cause to believe that liquors are
being manufactured, sold, bartered, given away, or other-
wise furnished, or are being kept for the purpose of sell-
ing, bartering, giving away, or otherwise furnishing
liquors in violation of this chapter, such judge or magis-
trate shall issue a warrant directed to any officer of the
county whom the complainant may designate, having the
power to serve criminal process, commanding him to
search the premises described and designated in such
complaint and warrant, and to seize all such liquors there
found, together with the vessels in which they are con-
tained, and all implements, furniture and fixtures used or
kept for such illegal manufacturing, selling, bartering,
giving away, or otherwise furnishing of such liquors, and
safely keep the same, and to make return within three
days of said warrant, showing all acts and things done

thereunder, with a particular statement of all property seized, of the person or persons in whose possession the same was found, if any, and if no person be found in the possession of said property, his return shall so state. A copy of said warrant shall be served upon the person or persons found in possession of any such liquors, furniture or fixtures so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found.

"3613. Upon the return of such warrant as provided in the preceding section, the magistrate or judge shall fix a time, not less than ten days nor more than thirty days thereafter, for hearing of said return, when he shall proceed to hear and determine whether or not the property so seized, or any part thereof, was used in violation of any of the provisions of this chapter. At such hearing, any party claiming an interest in any such property, may appear and be heard, and if upon such hearing it shall appear that any property so seized was knowingly used, or permitted to be used, in violation of any provision of this chapter, the same shall be adjudged forfeited by the state, and shall be delivered to the custody of the superintendent, to be disposed of under the provisions of this chapter. If upon such hearing it shall appear that any property so seized was not kept or used for an unlawful purpose, or if any person shall show that he is the owner of any furniture, fixtures or other property seized under such warrant, and that the same, or any part thereof, were unlawfully used without his knowledge or consent, the same shall be returned to its lawful owner."

"3615. No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

The usual complaint or information, under oath, was filed, and search warrant issued thereon. Upon the return

of the sheriff, showing the seizure of 19 barrels of beer from the possession of the St. Louis & San. Francisco Railroad Company, the court fixed the 2d day of August, 1913, for hearing on said return, "to determine whether said property or any part thereof was used in violation of law." At the time set for the hearing, the plaintiff in error, Milwaukee Beer Company, appeared and filed the following interplea, duly verified:

"The said interpleader represents and shows to the court the following facts, to wit:

"(1) That the seizure made by the said sheriff of Pawnee county, State of Oklahoma, under and by virtue of. the search warrant issued herein was unlawful for the reason that the premises described to be searched, was too indefinite and uncertain to conform to the statute of the State of Oklahoma.

"(2) That the said 19 barrels of beer seized by the said sheriff is not described in the application for the search warrant nor in the search warrant, and that the seizure of the same by the sheriff was unlawful and without authority.

"(3) That at the time the same was seized by the sheriff of Pawnee county, Okla., the same was in possession of the St. Louis & San Francisco Railroad Company, and was awaiting to be transported from Keystone, Okla., to Joplin, Mo., and that the same was not in the possession of the St. Louis & San Francisco Railroad Company for the purpose of violating any laws of the State of Oklahoma, but was held by the St. Louis & San Francisco Railroad Company for the sole and only purpose of transporting the same from Keystone, Okla., to Joplin, Mo., over its line of railroad. The said railroad company, operating a line of railroad engaged in the interstate commerce between Keystone, Okla., and Joplin, Mo., and at the time the same was seized the same was held by the St. Louis & San Francisco Rail-

road Company, for no other purpose than for the purpose of transporting the same from Keystone, Okla., to Joplin, Mo.

"Wherefore, your interpleader prays that the court hold said seizure as unlawful and illegal and without authority of law, and that said 19 barrels of beer seized herein was not the intoxicating liquor described in the search warrant or the application for said search warrant; that at the time of said seizure said liquor was in the possession of the St. Louis & San Francisco Railroad Company, and was held by the said company for the purpose of transporting the same from Keystone, Okla., to Joplin, Mo., as an interstate shipment of intoxicating liquor, and was not held at the time by the St. Louis & San Francisco Railroad Company, for the purpose of sale; and that said intoxicating liquor be returned to the St. Louis & San Francisco Railroad Company, to redeliver and ship to your interpleader at Joplin, Mo., and for such other relief as your interpleader may be entitled to."

To this interplea the county attorney, representing the state, filed a demurrer, based upon the following grounds:

"1. That said interplea does not state a cause of action against the plaintiff.

"2. That said interplea wholly fails to establish any right of said interpleader to the goods in question.

"3. That said interplea states no defense to the case of the state against said liquors.

"4. That said interplea states no facts upon which the court could render a judgment ordering the return of said liquors."

The demurrer was sustained by the court, and the interpleader elected to stand upon the interplea. The court then dismissed the interplea and ordered the property confiscated, and costs thereof taxed to interpleader,

to all of which exceptions were saved, and appeal taken to this court.

Counsel for plaintiff in error rely on two assignments of error, as follows:

"First. That the court erred in sustaining the demurrer of the defendant in error to the interplea of said plaintiff in error.

"Second. That the court erred in rendering judgment against said interpleader and holding that said interplea did not state sufficient facts upon which said intervener was entitled to judgment."

Plaintiff in error's briefs were filed on the 19th day of November, 1915, and although more than 60 days have passed, for some reason, the defendant in error has failed to file answer briefs, or offer any reason or excuse for not doing so. This court has many times reiterated the rule that:

"When the defendant in error chooses not to aid this court with a brief, and the brief of the plaintiff in error appears reasonably to support the assignments of error, it is not the duty of this court to search the record with a view of ascertaining some possible theory on which the case may be affirmed." (*Taby v. McMurray,* 30 Okla. 602, 120 Pac. 664.)

The language of the third paragraph of the plaintiff in error's interplea is, in substance:

"That at the time the 19 barrels were seized, they were in possession of the Frisco Railway Company, waiting to be transported from Keystone, Okla., to Joplin, Mo., and that the same was not in the possession of the railway company for the purpose of violating any law, but was held by said company for the sole and only purpose of such transportation as interstate commerce. That said railway company was operating a line of rail-

road engaged in interstate commerce, between the points named, and at the time the same was seized it was the property of the interpleader, and held by the railway company for no other purpose than that of transportation from the State of Oklahoma to the State of Missouri, and that said barrels were not held by the railway company for the purpose of sale or any other unlawful or illegal purpose."

Section 3613, *supra*, provides especially for a hearing in such cases "to determine whether or not the property (liquor) so seized, or any part thereof, was used in violation of this act. * * * And if it appears that any property so seized was not kept, or used for an unlawful purpose, * * * the same shall be returned to its lawful owner." It would be difficult to make language more definite or certain. The interplea comes clearly within the statute, and under the demurrer the facts set out therein are admitted to be true. If true, it was a good defense, and, on proof of such facts, the property should have been released, or returned to the owner.

The question of the sufficiency of the description of the place to be searched as set out in the complaint and warrant is also raised, but we cannot sustain that contention. We are of the opinion that this particular statute should receive a somewhat broader and more liberal construction than the statutes in reference to common-law search warrants.

It appearing that the trial court erred in sustaining the demurrer to the interplea, and in dismissing the same, the judgment should be reversed and remanded.

By the Court: It is so ordered.