## ONE DODGE TOURING CAR et al. v. STATE.

No. 14391—Opinion Filed Jan. 15, 1924.

### Appeal and Error—Reversal on Confession of Error.

Upon confession of error filed in this cause on the part of the Attorney General, joined by the county attorney, admitting failure on the part of the state to make sufficient proof, the cause is reversed and remanded with directions to dismiss.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Pawnee County.

Action by the State on the relation of the County Attorney, forfeiting one Dodge touring car for alleged unlawful use in transporting intoxicants, in which action Art Estes joined as claimant of the property. Judgment in forfeiture for the plaintiff. Defendants bring error. Reversed and remanded, with directions.

McCollum & McCollum, for plaintiffs in error.

George F. Short, Atty. Gen., Leon S. Hirsh, Asst. Atty. Gen., and John Strosnider, Co. Atty., for defendant in error.

Opinion by STEPHENSON C. Heretofore the county attorney of Pawnee county caused to be filed a forfeiture proceeding in the name of the state of Oklahoma, against one Dodge touring car, alleged to have been unlawfully used in the transporting of intoxicants. Art Estes intervened in the cause as the owner of the car. In a trial of the cause judgment went in favor of plaintiff and against the defendants for

forfeiture. The defendants have appealed the cause to this court and assign several grounds as error for reversal. The Attorney General, joined by the county attorney, has filed a confession of error in the cause in the following language:

"Comes now the state of Oklahoma, by John Strosnider, county attorney of Pawnee county, and the Attorney General, and confesses error in the judgment of the court below in the following particulars, to wit:

"First. That an action for the forfeiture of the prohibitory laws of the state of Oklahoma is an action in rem; and in order that the court may have jurisdiction of such an action it must appear that the property was seized by the officer under process of the court or by virtue of section 3617, Rev. Laws 1910; taken before the court by means of process of the court; trial had before a jury; and the order of the court adjudging such property forfeited as in use in violation of the prohibitory laws of the state of Oklahoma. See Keeter v. State ex rel. Sayre, County Attorney, 82 Okla. 89, 198 Pac. 866; One Hudson Super-Six Automobile v. State, 77 Okla. 130, 187 Pac. 806;

"Second. It must also be proved that the automobile was used in transporting prohibited liquor from one place in the state to another and in failure to introduce such evidence on the part of the state, and the claimant at the close of the said evidence demurs thereto, it is the duty of the trial court to sustain the demurrer and dismiss the action. See Keeter v. State, supra.

"The defendant in error confesses error in the jurisdiction and trial of the cause in the court below in the above particulars and confesses hereby the petition in error filed herein subject to the approval of the court."

We are in accord with the rules of law therein stated and applied to the record in this cause.

Therefore, it is recommended that this cause be reversed and remanded with directions to dismiss.

By the Court: It is so ordered.