### Nestor v. Commonwealth.

(Decided April 25, 1924.)

### Appeal from McCracken Circuit Court.

1. Criminal Law—Articles Obtained Under Illegal Search Inadmissible.—A still, discovered and seized under an illegal search, was not admissible in evidence in a prosecution for its possession.

2. Criminal Law—Searches and Seizures—Rooms of Tenant Held Illegally Searched Under Warrant Describing Other Rooms, in Same House, and Still Seized Inadmissible.—Under search warrant describing house occupied by and in possession of H., officers could not legally search two rooms in the house, entirely separated from the rest of the house, which H. had rented to defendant and another, and an illicit still found in the two rooms was not admissible in prosecution of defendant for its possession, in view of Constitution, section 10.

J. BELL NICHOLS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE O'NEAL—Reversing.

Appellant was indicted and convicted upon the charge of unlawfully possessing an illicit still, and his punishment was fixed at three months' confinement and a fine of $100.00.

Acting under a search warrant the officer to whom it was addressed, together with other officers, searched the house described in said warrant, and found and seized a still located in one of the rooms of said house.

The undisputed facts show that the house described in the search warrant as being occupied by and in the possession of one Henry Hammonds belonged, in fact, to his mother, and that during her absence from Paducah—she then being so absent—he had full charge and control of it as her agent. The sufficiency of the description of the house itself is not being questioned on this appeal. The house consisted of six rooms, in four of which was the furniture of Mrs. Hammonds, the owner; the two remaining rooms were apparently divided or separated in some manner from the rest of the house, for it is stated in the record that the occupants of these rooms could not get into the rest of the house without going outdoors. Access to these two rooms could only be gained through an outside door at the rear of the house. Some few days before the premises were searched appellant and another man had leased these two rooms from Henry Hammonds for a period of one month, and while not actually present, appellant was in possession of them during the time the search was made. The officers who executed the warrant not only searched the four rooms remaining in the control and possession of Henry Hammonds but likewise searched the two rooms leased by Henry Hammonds to the appellant; and it was in one of these rooms that the still was found.

Upon finding the still, the officers arrested Hammonds and he disclosed to them the foregoing facts, and promptly swore out a warrant for the arrest of appellant, to whom he had leased the rooms in which the still was discovered. It is the contention of appellant that under the foregoing state of facts search of the premises rented by him and in his possession was illegal. If it was, the evidence thereby procured was incompetent, and appellant's timely objection thereto should have been sustained and a directed verdict should have been given to

find him not guilty, there being no competent evidence of an offense having been committed. The material parts of the search warrant in question are:

"You are commanded to search the house, buildings and premises *in tin shack known as Round Top* between 6th and 7th streets on or near Flournoy street, in Paducah, McCracken county, Kentucky, and occupied by and in the possession of Henry Hammonds . . . and seize any such intoxicating liquors, illicit still or apparatus designed for the manufacture of liquor, and arrest the person or occupier in charge of the house, building or other places aforesaid. . . ."

Section 10 of the Constitution provides that:

"No (search) warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be."

Does the search warrant in this case describe the place or person of the appellant, Jake Nestor, "as nearly as may be" in conformity with the requirements of the law set out above? It will be seen from the wording of that portion of the search warrant which we have copied in this opinion that the place to be searched was the house, building and premises "in tin shack known as Round Top, occupied by or in possession of Henry Hammonds." The only premises in "tin shack known as Round Top occupied by or in possession of Hammonds" were the four rooms in which was stored his mother's furniture. He neither occupied, nor was he in possession of the rooms where the still was found. He had leased these rooms to appellant, who occupied and possessed them as a tenant of the owner, Mrs. Hammonds. The mere fact that his premises were under the same roof and in the same building as other premises under the control of Henry Hammonds did not bring them within the terms of the warrant, and there being no description of any character of appellant's premises or person, the officers were not authorized under the circumstances to enter or search his premises. He was a tenant in possession and fully entitled to all the privileges and protection of the Constitution, and as to him the search warrant was invalid and the evidence secured thereunder was incompetent.

For these reasons the judgment is reversed.