I. W. BISHOP v. STATE.

No. A-7339.   Opinion Filed May 10, 1930.
(288 Pac. 363.)

250

John T. Levergood, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted of possession of intoxicating liquors with intent to barter, sell, and give away the same contrary to the statutes of Oklahoma, and was sentenced to pay a fine of $500 and to be confined in the county jail for six months, and the case appealed to this court.

Before the case was called for trial, the defendant filed a motion to suppress the evidence of the state on the ground that the same was procured by an unreasonable search of the defendant's private residence, on the 28th day of February, 1929; that the premises described in the search warrant as 502 South Chapman street, Shawnee, Pottawatomie county, Okla., is the private residence, and is occupied as such by the defendant and his family.

Further the warrant is void because the same does not comply with sections 2878, 2879, 2880, and 2881, C. O. S. 1921. That the warrant is void and of no effect because the same is not directed to a peace officer of Pottawatomie county as required by the sections of the statutes named.

That the warrant was issued without probable cause. That the warrant was issued on information and belief and does not show upon its face it was issued by any officer legally authorized to issue the same; and that all the grounds set forth in the warrant was in printed form, and all that is necessary for the county attorney to do is to place the number and description in said complaint and said warrant, and allege the true name of the occupant or owner is unknown, and the search warrant will thereupon be issued.

A hearing was had upon the motion to suppress, and the affidavit for the search warrant and the search warrant were introduced in evidence. The motion to suppress was overruled and the defendant reserved an exception. The defendant was tried and convicted, perfected his record in this case, and urges as grounds for reversal in his first assignment that his motion to suppress the evidence should have been sustained, and as one of the reasons discussed he says the search warrant was not directed to any officer of Pottawatomie county, and is therefore void.

In section 2881 C. O. S. 1921, a substantial form of a search warrant is provided by our Legislature. In section 2882, it is provided:

"A search warrant may in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer, on his requiring it, he being present, and acting in its execution."

In Dunn v. State, 40 Okla. Cr. 76, 267 Pac. 279, the following language is used:

"A search warrant is 'process.' It must run in the name of the state of Oklahoma to some peace officer * * * of the state. It can be served only by the officer mentioned in its direction, but by no other person ex-

cept in aid of the officer on his requiring it, he being present and acting in its execution."

That portion of section 7009, with reference to the issuing of a search warrant, and to whom it shall be directed, is as follows:

"If it shall be made to appear to * * * any court of record or any justice of the peace that there is probable cause to believe that liquor, the sale of which is prohibited by this act, is being manufactured, sold, bartered, given away, or otherwise furnished, or is being kept for the purpose of being sold, bartered, given away, or otherwise furnished in violation of this act, such judge or magistrate shall, with or without any indorsement of such complaint by the county attorney, issue a warrant, directed to any peace officer, in the county, whom the complaint may designate, commanding him to search the premises described and designated in such complaint * * * and to seize all such liquor there found," etc.

The defendant contends that the law was not complied with, and his motion to suppress the evidence should have been sustained, for the reason that the search warrant in this case is not directed to any peace officer in the county of Pottawatomie.

The question of the direction of the search warrant and its service has been before this court many times in different ways, and this court has held that the search warrant is "process," within the meaning of the Constitution and our statute, and in order to be valid it must run in the name of the state. McAdoo v. State, 36 Okla. Cr. 198, 253 Pac. 307.

Section 862, C. O. S. 1921, provides the style of all process shall be, "The State of Oklahoma." It shall be under the seal of the court from whence the same shall issue, shall be signed by the clerk, and dated the day it was issued.

Many decisions of our court hold that the above section of the statute is mandatory. Section 2876, C. O. S. 1921, provides:

"A search warrant is an order in writing, in the name of the state, signed by a magistrate, directed to a peace officer, commanding him to search for personal property and bring it before the magistrate."

Section 7009 provides, in part, that the warrant shall be directed to any peace officer in the county whom the complaint may designate. The caption of the warrant reading, "Before me, Tully J. Darden, Justice of the Peace, in and for Pottawatomie County, Oklahoma," is probably sufficient to fix venue showing that the justice of the peace who issued the search warrant was a justice of the peace of Pottawatomie county, Okla. The warrant is not addressed to any sheriff, marshal, or policeman of Pottawatomie county, Okla., as required by section 7009, supra, or to any other county in the state; only runs, "The State of Oklahoma, to any sheriff, marshal or policeman." A search warrant is clearly process within the meaning of the Constitution and the statute above referred to, and in order to be valid must run in the name of the state, and be addressed to some officer in the county where the warrant is issued.

The search warrant under which the evidence introduced in this case was obtained was not directed to any officer authorized to serve process in Pottawatomie county, Okla., and was invalid, and upon timely objection as was made in this case should have been excluded.

The case is reversed and remanded.

EDWARDS, P. J., and CHAPPELL, J., concur.