## ONE CHEVROLET COACH AUTOMOBILE v. STATE.

No. 25049.　April 16, 1935.

Joe Young, for plaintiff in error.

Guy L. Horton, Co. Atty., for defendant in error.

PER CURIAM. On December 23, 1932, the county attorney of Payne county filed in the court of that county an information, charging that one Chevrolet coach automobile had been used by one H. H. Pierce, transporting spirituous liquor, to wit, whis-

ky, in violation of law within the state of Oklahoma, had been seized by the sheriff having a search warrant, and was held by the sheriff subject to the order of the court; and prayed judgment for sale of the automobile and disbursement of the proceeds under the statute.

The matter was tried before a jury which rendered a verdict finding that the property seized was being used for the unlawful transportation of liquor and judgment of forfeiture and sale was accordingly ordered by the court. The appellants assign as error insufficiency of evidence, lack of jurisdiction in the court, error in overruling demurrer to the plaintiff's evidence, and in overruling motion for directed verdict at close of plaintiff's case in chief; also error in overruling objection to certain evidence.

It appears from the record that one H. H. Pierce was arrested on December 22, 1932, at Cushing, Okla., in Payne county by Deputy Sheriff Geo. E. Casida and a police officer, Charley Griffin; that they had procured a search warrant to search a 1932 Chevrolet car; that when they approached the car, they called to the occupant, it being disputed as to whether he was told whether he was under arrest or was told to stop; that he did not stop and drove away; that the cars were only a few feet apart when the officers called; that the occupant, H. H. Pierce, admitted that he heard a call or noise; that the officers gave chase and Charley Griffin shot a hole in a rear casing of the car being pursued; that after a chase of several blocks, the car being pursued stopped and then started again and was overtaken shortly thereafter and the arrest made; the officers testify that they saw the occupant at the first stop outside the car and moving to the shoulder of the road with a bulk in his hand; that the occupant then got back into the car, drove it 50 to 100 yards, stopped again, and the arrest was made; that Casida returned to where the car had stopped and there found a ten-gallon keg full of whisky and four half gallon fruit jars full of whisky. The officers identified the whisky in court; that this happened at night; that there was no whisky in the car when it was finally stopped; that H. H. Pierce was driving the Chevrolet; that a warrant was served on him later; that the search was not made at first because he would not stop; that H. H. Pierce testified that he was the driver and owner of the car; that he was searched and arrested when he stopped; that they did not show him any warrant; that he heard the shot (when the tire was shot down), but

did not know what it meant; that the officers came upon him and Griffin went back and looked down the side of the road and came back and George went and found what they said was liquor; that he did not have any whisky at all. There is other evidence conflicting as to details of the occurrence. Demurrer and motion for directed verdict in favor of defendant was lodged at close of the evidence in chief, on the part of the state, but this was not renewed at the close of the case.

Under the first assignment of error, appellant argues insufficiency of evidence, and that there was no proof that the whisky was intoxicating. It is true that the officers saw no whisky in the car; yet they testify that they saw the occupant and driver of the car stop it, and leave it with a bulk, at a point to which almost immediately they returned and found a large quantity of whisky. Such circumstantial evidence is competent, and having been weighed by the jury before rendition of a verdict for the plaintiff, it cannot be said that the verdict is not to be sustained on such ground. It was competent evidence reasonably tending to sustain the verdict in a civil case. Midland Valley R. Co. v. Goble, 77 Okla. 206, 186 P. 723. Proof that the whisky was intoxicating was not necessary, there being evidence that the liquid was whisky and the court taking judicial notice of the intoxicating character thereof. Latta v. State, 19 Okla. Cr. 441, 200 P. 551. We conclude that the evidence was sufficient, without regard to whether there was sufficient motion for directed verdict.

The second assignment goes to the jurisdiction, it being argued that such proceeding could not be instituted by information.

The information closes, however, with a prayer for sale of the automobile which we think complies with the statute, which is rather indefinite. Section 2640, O. S. 1931, uses the word "complaint". We find no reason to hold that the information in the form in this case was insufficient. Such proceedings have been by information in several cases, and in One Paige Touring Car et al. v. State, 83 Okla. 40, 200 P. 852, this court impliedly, at least, approved that form for such procedure.

The third assignment is covered by the above conclusions as to the first and second.

Appellant finally assigns as error refusal to sustain objection to one question, which was answered in the negative, to the effect

that the witness did not know that Pierce had hauled liquor there for the last year and a half. The question being answered in the negative, only the possible prejudice in the asking could be complained of. The question went to system or plan, and therefore even if any evidence had been elicited, it would have been competent. Kennedy v. State, 25 Okla. Cr. 306, 220 P. 61; Fisher v. State, 54 Okla. Cr. 109, 16 P. (2d) 267.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys R. L. Disney, Harris L. Danner, and M. K. Cruce in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Disney and approved by Mr. Danner and Mr. Cruce, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BAYLESS, PHELPS, and GIBSON, JJ., concur.