## DEAN ESLICK v. STATE.

No. A-9658.  Sept. 11, 1940.
(105 P. 2d 554.)

Emmons Arrington, of Shawnee, for plaintiff in error.

DOYLE, P. J. Plaintiff in error was convicted in the county court of Pottawatomie county on an information which charged that in said county on the 26th day of March, 1938, he did have in his possession 20 pints of whisky with the unlawful intent to sell the same, and in accordance with the verdict of the jury was sentenced to serve 30 days in the county jail and pay a fine of $100. To reverse the judgment he appeals and assigns as error the overruling of his motion to suppress evidence offered on the part of the state, on the ground that it had been illegally obtained by an unlawful search, under a search warrant that did not run in the name of the State of Oklahoma, and was not served until a year after the issuance thereof, as shown by the dates of said warrant and complaint, and for this reason the search and seizure was in violation of defendant's constitutional and statutory rights.

In support of the motion to suppress, the defendant testified that on the date alleged he was operating a filling station on the north side of Highway 18, in the city of Shawnee. Witness produced the copy of the search warrant that was served on him as defendant's exhibit "A." The complaint upon which the search warrant issued was also introduced as defendant's exhibit "B". Which complaint recites:

"In Re Application of Elza Evans, Sheriff, for Search Warrant.

"State of Oklahoma, Pottawatomie County, ss. ·

"———, being first duly sworn on oath states" Then continues with allegations, printed form, same as set forth in the opinion in the case of Spikes v. State, 65 Okla. Cr. 254, 85 P. 2d 327. And is signed and verified as follows: "Elza Evans, Affiant.

"Signed in my presence and sworn to before me this the March 26, 1937.

"J. H. Hatfield, Justice of the Peace."

The caption of the warrant, Exhibit "A" is as follows:

"In Re Application of Elza Evans, Sheriff, for Search Warrant.

"State of Oklahoma, Pottawatomie County, ss.

"The warrant following the caption begins as follows:
"————, being first duly sworn, on oath states:"

Continuing with allegations as set forth in the complaint. And concludes:

"You will leave copy hereof with the person searched, or post same on the premises searched, and you will make due return hereof within three days from date hereof with your doings endorsed hereon. Witness my hand this the March 26,-37.

"J. H. Hatfield, Justice of the Peace."

Section 19, of article 7, of the Constitution of Oklahoma, Okla. St. Ann., provides:

"The style of all writs and processes shall be 'The State of Oklahoma.' All prosecutions shall be carried on in the name and by the authority of the State of Oklahoma. All indictments, informations, and complaints shall conclude, 'Against the peace and dignity of the State.' "

To exactly the same effect is section 19, St. 1931, 12 Okla. St. Ann. § 51, which reads:

"The style of all process shall be 'The State of Oklahoma.' It shall be under the seal of the court from whence the same shall issue, shall be signed by the clerk, and dated the day it is issued."

The first contention is that the search warrant was fatally defective, in that it did not run in the name of "The State of Oklahoma."

In the case of Riggs v. State, 64 Okla. Cr. 255, 78 P. 2d 1075, 1076, this court held:

"A search warrant is process within the meaning of article 7, § 19 [Constitution, and section 19, O. S. 1931], 12 Okla. St. Ann. § 51, and must run in the name of the

State of Oklahoma, and under the provisions of [section 2635], 37 Okla. St. Ann. § 84, the warrant must be directed to a peace officer in the county in which it is issued for service." Willard v. State, 66 Okla. Cr. 344, 92 P. 2d 600; Denton v. State, 62 Okla. Cr. 8, 70 P. 2d 135; Bishop v. State, 47 Okla. Cr. 249, 288 P. 363; Woods v. State, 46 Okla. Cr. 288, 287 P. 769; Myers v. State, 40 Okla. Cr. 170, 267 P. 867; McAdoo v. State, 36 Okla. Cr. 198, 253 P. 307.

The search warrant under which all the evidence introduced in this case was obtained, did not run in the name of the "State of Oklahoma," and was not directed to any peace officer in Pottawatomie county, and was therefore invalid.

On the authority of the cases cited, the motion to suppress the evidence should have been sustained.

For the reasons stated the judgment of the lower court is reversed and the cause remanded, with direction to dismiss.

BAREFOOT and JONES, JJ., concur.