# STEVE MITCHELL v. STATE.

No. A-9996. June 10, 1942.

(127 P. 2d 211.)

W. V. Stanfield, of Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J.    The defendant, Steve Mitchell, w a s charged in the county court of Pontotoc county with the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 30 days in the county jail, pay a fine of $200 and has appealed.

It is only necessary in the disposition of this case to discuss but one of the many assignments of error presented in the defendant's brief.

It is insisted that the court erred in overruling the motion to suppress evidence presented by defendant prior to the commencement of the trial for the reason that the search warrant was not served by an officer to whom it was directed.

The search warrant was directed, "To any sheriff, constable, marshal or policeman in the county of Pontotoc, and any peace officer in Pontotoc County, Oklahoma, Greeting:"

It was agreed at the hearing on the motion to suppress that the warrant was delivered to Milo Beck and served by him together with Buck Seran and Cliff Goldsmith.    That none of these three men were officers of Pontotoc county, but all three were employed by the Division of Criminal Investigation in the Department of Public Safety at the State Capitol.    No officer of Pontotoc county was present at the time the raid was conducted and the liquor in question seized by said investigators.

This court has never had occasion to specifically pass upon the question here presented.    It requires an examination of the decisions of this court involving an interpretation of the statutes relating to the issuance

and execution of search warrants together with a later statute not heretofore discussed, passed by the Oklahoma Legislature in 1939, vesting in the highway patrol and officers of the Department of Public Safety the right and power of search and seizure.

This court has many times held that a search warrant is process within the meaning of article 7, sec. 19, of the Constitution and that the search warrant must be directed and can only be served by a peace officer in the county in which it is issued for service. Bishop v. State, 47 Okla. Cr. 249, 288 P. 363; Eslick v. State, 70 Okla. Cr. 196, 105 P. 2d 554; Denton v. State, 62 Okla. Cr. 8, 70 P. 2d 135, 144.

The above decisions were based upon the statutes in effect at the time the decisions were rendered. Title 22, §§ 1226 and 1227, O. S. 1941, §§ 3226 and 3227, O. S. 1931; Title 37, § 84, O. S. 1941, § 2635, O. S. 1931.

The Legislature of 1939 passed an act specifically vesting in the officers of the Department of Public Safety the right and power of search and seizure. This statute provides:

"The officers and members of the State Highway Patrol and such other officers and investigators as the Commissioner of Public Safety shall designate to perform duties in the investigation and prevention of crime and the enforcement of the criminal laws of the State shall have and exercise all the powers and authority of other peace officers, including the right and power of search and seizure, but excluding the service of civil process." Laws 1939, p. 78, § 4, Tit. 74, § 149, O. S. 1941.

It is argued by the Attorney General that since the search warrant in the instant case is directed "to the sheriff, marshal, policeman or any peace officer in Pontotoc County" that under the statute (Tit. 74, § 149 supra) the investigators for the Department of Public Safety are

peace officers and since they were in Pontotoc county at the time the raid was made that they could lawfully make the search.

We cannot concur in this line of reasoning. As was stated by Judge Barefoot in the case of Denton v. State, supra:

"It will thus be noted that the statute specifically states that the warrant should be directed to an officer of the county. If it is to be, then why should it not be directed to an officer of the county in which the search is to be made as the statute directs? Why should this clear provision of the statute be held to be directory? If it is to be so held, why should this provision have been placed in the statute? If the warrant is directed to any officer in the state it would be possible for the sheriff, constable, marshal, or policeman of one county to search the premises of a distant county, a people who had not elected him to office and to whom he owed no obligation.

"In our opinion, this was the very reason that caused the Legislature of this state to enact this statute directing that the search warrant should be directed to an officer of the county where the search was to be made. It is not sufficient to say that the warrant was executed by a proper officer, as in the instant case. All of the authorities hold that the warrant should be executed by the officer to whom it is directed."

Our Constitution (article 2, section 30) specifically prohibits unreasonable searches and seizures. The courts of this state and the federal courts, in their construction of a similar provision of our Federal Constitution, Amendment 4, have uniformly held that any law which seeks to limit these sacred rights protected by the Constitution should be strictly construed and that a search warrant should be executed only in the manner and form as provided by the statute.

This court intends to give full effect to the legislative enactment conferring the right of search and seizure on state investigators and highway patrolmen in certain instances, but it will not by inference extend the right of an investigator or patrolman to make such search and seizure where the warrant is not specifically directed to them.

The warrant as directed in the case herein could only be served by an officer of Pontotoc county or if an officer of Pontotoc county to whom the writ is directed was present and required it, under the statute, the investigators could have assisted in the search.

The search warrant herein could have lawfully been served by the man who conducted the search if the same had been directed to "Milo Beck" or "Milo Beck, a state peace officer" or "Milo Beck, investigator appointed by Commissioner of Public Safety." Any of these three designations would have been sufficient.

It is significant that the search warrant herein was not served on the day it was issued, but six days thereafter and in the absence of a specific direction in the search warrant authorizing the investigators above named to make this search and seizure, we hold that they are without such authority.

For the reasons above stated, it is our opinion that the county court should have sustained defendant's motion to suppress the evidence and the case is accordingly reversed with instructions to discharge the defendant.

BAREFOOT, P. J., concurs. DOYLE, J., absent.