## IKE FOWLER v. STATE.

No. A-10386. March 21, 1945.

(157 P. 2d 223.)

Jerome Sullivan, of Duncan, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Ike Fowler, was charged in the county court of Stephens county with the unlawful transportation of intoxicating liquor; was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $50, and has appealed.

W. L. Dixon, a deputy sheriff, and L. P. Byerley, a policeman of Duncan, followed a car driven by the defendant in the city of Duncan about seven blocks before stop-

ping it. The defendant got out of the car and a pint of whisky was found on him. The car was searched and no liquor was found in the automobile. The officers had a search warrant for the search of the automobile. It was conceded on the hearing on the motion to suppress evidence that no crime was committed by the defendant in the presence of the officers which would justify the search without a warrant.

For a reversal of this case it is insisted that the court erred in overruling the motion to suppress evidence filed by the defendant and presented prior to the commencement of the trial. The motion to suppress evidence was based on two grounds: (1) The search warrant was not served by the person to whom it was directed. (2) If the search warrant were valid, it did not authorize a search of the person of the defendant when he was outside of the automobile.

The search warrant in question was directed solely "to Elmer Zigler." The search warrant did not follow the statute by directing it "to any sheriff, constable, marshal or policeman in the county of ................." 22 O. S. 1941 § 1226. There was no designation in the warrant as to whether Elmer Zigler was a sheriff or any other peace officer in Stephens county.

22 O. S. 1941 § 1227, states:

"A search warrant may in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer, on his requiring it, he being present, and acting in its execution."

This court has held that a search warrant is process and must run in the name of the state and be dircted to some peace officer in the county where the search is to be made. Key v. State, 43 Okla. Cr. 450, 279 P. 931; Dunn

v. State, 40 Okla. Cr. 76, 267 P. 279; Bishop v. State, 47 Okla. Cr. 249, 288 P. 363; Denton v. State, 62 Okla. Cr. 8, 70 P. 2d 135; Mitchell v. State, 74 Okla. Cr. 416, 127 P. 2d 211.

At the hearing on the motion to suppress evidence, the proof showed that Elmer Zigler was in fact the sheriff of Stephens county. In the case of Love v. State, 53 Okla. Cr. 346, P. 2d 769, it is held:

"Sections 2882 and 5899, Comp. St. 1921 [22 O. S. 1941 § 1227 and 19 O. S. 1941 § 514] do not require that the sheriff shall personally serve or shall personally be present at the service of a search warrant directed to the sheriff. Such search warrant may be served by a deputy sheriff, as the agent of his principal. His act is the act and presence of the sheriff."

In view of the holding of this court in Love v. State, supra, there would have been no question as to the legality of the service of the search warrant if the warrant had been directed to the sheriff, constable, marshal, or policeman in Stephens county, as required by the statute.

Here there is nothing in the faec of the warrant to show that it is directed to anyone other than Elmer Zigler, in his individual capacity. The warrant was not delivered to the person to whom it is directed and he was not present at the time it was served, and he did not direct the persons who served it to do so. As was stated in Denton v. State, supra [62 Okla. Cr. 8, 70 P. 2d 144]:

"It is not sufficient to say that the warrant was executed by a proper officer, as in the instant case. All of the authorities hold that the warrant should be executed by the officer to whom it is directed."

In Mitchell v. State, supra [74 Okla. Cr. 416, 127 P. 2d 213] it is stated:

84

"Our Constitution (article 2, sec. 30) specifically prohibits unreasonable searches and seizures. The courts of this state and the Federal courts, in their construction of a similar provision of our Federal Constitution, Amendment 4, have uniformly held that any such law which seeks to limit these sacred rights protected by the Constitution should be strictly construed and that a search warrant should be executed only in the manner and form as provided by the statute."

Under the plain provision of 22 O. S. 1941 § 1227, supra, it is apparent that the search warrant was not served in accordance with said statute.

With this conclusion established, it is unnecessary to discuss the other proposition presented in defendant's brief. For the reasons herein above stated, the judgment of the county court of Stephens county is reversed and the defendant discharged.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.