## JIM HOWE v. STATE.

No. A-10720. Oct. 1, 1947.

(185 P. 2d 481.)

For former opinion, see 84 Okla. Cr. 279, 181 P. 2d 571.

Walter C. Henneberry, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Dixie Gilmer, Co. Atty., of Tulsa, for defendant in error.

BAREFOOT, P. J. We have re-examined the record and briefs on rehearing of this case.

It is strenuously insisted by the plaintiff in error that it was error to hold that an automobile could be lawfully searched under the terms of Tit. 37 O. S. 1941 § 84; and that a search warrant should have been issued under the general search warrant statute, Tit. 22 O. S. 1941 § 1221.

As stated in the original opinion [84 Okla. Cr. 279, 181 P. 2d 571]:

"We have often held that the search of an automobile was proper under the terms of this statute." Tit. 37 O. S. 1941 § 84; White v. State, 33 Okla. Cr. 428, 244 P. 450; Fowler v. State, 80 Okla. Cr. 80, 157 P. 2d 223; Morris v. State, 66 Okla. Cr. 358, 92 P. 2d 603; Bowdry v. State, 82 Okla. Cr. 119, 166 P. 2d 1018; Boardwine v. State, 64 Okla. Cr. 49, 76 P. 2d 1081.

Other states with similar statutes have often held that the search of automobiles was proper. The citation of authorities is unnecessary.

In the case of Milwaukee Beer Co. v. State, 55 Okla. 181, 155 P. 200, the Supreme Court of this state, in construing the search warrant statute which is now Tit. 37 O. S. 1941 § 84, says:

This section, and sections 85 and 87 of this title, "in reference to search warrants, should receive a broader and more liberal construction than the general statutes in reference to common-law search warrants, and it is not necessary in the complaint or warrant to describe the liquor or property to be searched for, * * * with that

degree of particularity and nicety that is required for common-law search warrants."

The right to search and seize an automobile under the above statute has often been upheld by the Supreme Court of this state in civil cases. One Chevrolet Coach Automobile v. State, 171 Okla. 545, 43 P. 2d 774; Hoskins v. State, 82 Okla. 200, 200 P. 168; One Dodge Touring Car v. State, 97 Okla. 21, 222 P. 662; Hatley v. State, 72 Okla. Cr. 69, 113 P. 2d 396; Boardwine v. State, 64 Okla. Cr. 49, 76 P. 2d 1081.

In Title 37 O. S. 1941 § 84, the word "premises" is used, and in Title 22 O. S. 1941 § 1225, the word "place" is used. The right to seach an automobile under the terms of each of these statutes has often been recognized as above stated. We do not believe that it would be improper to say that either the word "premises" or "place" would include an automobile where liquor was found therein and the facts justified one to believe that it was so possessed for the purpose of violating the laws of the state; and especially where the automobile is specifically described in the search warrant.

The Federal courts have upheld the search of an automobile under the Federal statutes; Lafazia v. United States, 1 Cir., 4 F. 2d 817; Altshuler v. United States, 3 Cir., 3 F. 2d 791; Boyd v. United States, 4 Cir., 286 F. 930; Tit. 18 U. S. C. A § 612

The Federal statutes provide:

"In which case it may be taken on the warrant from any house or other place in which it is concealed * * *." Title 18 U. S. C. A. § 616.

We are of the opinion that the conclusion reached in the original opinion was correct, and that the petition for rehearing should be denied. It is so ordered.

JONES and BRETT, JJ., concur.