**416**

## WILLIAMS et al. v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 9, 1953.

O. J. Cockrell, Jackson, Allen Prewitt, Frankfort, for appellants.

J. D. Buckman, Atty. Gen., Frankfort, Wm. F. Simpson, Asst. Atty. Gen., Frankfort, for appellee.

MOREMEN, Justice.

Appellants, Morris Williams and Elvin Terry, have moved for an appeal from a judgment under which each was fined $100 and sentenced to confinement in jail for a period of 60 days under a charge of unlawfully possessing alcoholic liquor for the purpose of sale in local option territory.

Morris Williams owns and operates the Ewen Hotel in the city of Jackson. The hotel building is two stories high and contains about 26 rooms which are rented to tenants only by the week, month, or for longer periods. Williams, with his family, occupies an apartment in the hotel. Terry has rented and lived in a room at the hotel for a period of approximately four years. For sometime he has shared this room with a cotenant, Alfred Wilson. Terry and Wilson are taxicab drivers.

On the 27th day of October 1951, A. L. Deaton executed an affidavit before the judge of the circuit court in which he stated: "That he has reasonable grounds to believe, and does believe that intoxicating liquors are being manufactured, disposed of or illegally possessed in the Ewen Hotel, Jackson, Kentucky, owned or controlled by Morris Williams * * * for the following reasons: That he saw the taxi driver, Ealter Clemons, deliver a closed case or box of branded Bond and Lillard whiskey in the basement of the Ewen Hotel on today."

On the same day a search warrant was issued which contained this language:

"You are commanded to search the Ewen Hotel, Jackson, Kentucky, now used and occupied by Morris Williams for hotel purposes * * *."

A searching party, acting under the mandate of the warrant, arrived at the hotel in the absence of Terry, Wilson, and Mr. and Mrs. Williams. While the search was being made, Mrs. Williams, who was summoned by a neighbor, returned and found the officers "turning things upside down" in her apartment and in six rooms upstairs rented to road workers. Mrs. Williams told the officers that they might search the open rooms but not the rooms of the guests which were locked. Appellant Terry's private room was locked. The officers entered an adjoining room, broke a door which led from that room into Terry's room and entered it. They found a full unopened case of half pints of whiskey, two half pints on the dresser, which were partially filled, and a small locked trunk or footlocker which they carried to the police station. The chief of police of Jackson testified that Terry came down to the police station and opened the locker for them because they were going to break it open. The locker contained eleven pints and a fifth of a gallon of intoxicating liquor.

At the trial of the case, appellants moved the court to suppress the evidence obtained under the search warrant, which motion was overruled.

Section 10 of the Constitution provides in part that "No (search) warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be" and we have construed that section to mean it is essential to a valid search warrant that it describe with particularity the place to be searched. The description is not required to be as certain and specific as is necessary in a deed of conveyance, but it must contain such a description of the place, person, or thing to be searched or seized as will reasonably identify them. McMahan's Adm'x v.

Draffen, 242 Ky. 785, 47 S.W.2d 716. So we are presented with the question of whether the search warrant in this case is a defective "blanket" warrant because of its failure to contain a reasonably specific description of the objective of search. The law applicable to this case appears to be properly summarized in 79 C.J.S., Searches and Seizures, § 81, page 891, where it is said:

"Where a warrant describes premises in which different persons occupy different parts, and fails to name the accused or occupant or to designate a certain part of the premises, it is defective as a blanket search warrant."

In Nestor v. Commonwealth, 202 Ky. 748, 261 S.W. 270, we held that under a search warrant describing the house occupied and in possession of Hammonds, the officers could not legally search two rooms in the house entirely separate from the rest of the house which Hammonds had rented to defendant and another, saying:

"The mere fact that his premises were under the same roof and in the same building as other premises under the control of Henry Hammonds did not bring them within the terms of the warrant, and, there being no description of any character of appellant's premises or person, the officers were not authorized under the circumstances to enter or search his premises. He was a tenant in possession, and fully entitled to all the privileges and protection of the Constitution, and as to him the search warrant was invalid, and the evidence secured thereunder was incompetent."

We are of opinion that the motion to suppress the evidence secured under the defective search warrant should have been sustained. The motion for an appeal is sustained.

The motion for an appeal is sustained and the judgment is reversed.