**W. M. (Bill) BAIRD, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1954.

Joe S. Feather, Williamsburg, for appellant.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

PER CURIAM.

Motion for an appeal from the judgment of the Whitley Circuit Court convicting appellant of the offense of unlawfully possessing intoxicating liquors in local option territory for the purpose of sale and fixing his punishment at a fine of $100 and confinement in jail for thirty days.

The liquor was found in appellant's car when it was searched under the authority of a search warrant but he argues that as the affidavit upon which it was based did not state the car was in Whitley County, the warrant was illegal, citing 33 C.J., Intoxicating Liquors, § 372, p. 677 and Baker v. Com., 311 Ky. 93, 223 S.W.2d 590. [See also 48 C.J.S., Intoxicating Liquors, § 393.] These authorities hold the property to be searched must be described so that the officer executing the warrant may locate it with certainty, and so as to enable the magistrate issuing the warrant to know the property lies within his jurisdiction. But these authorities relate to the search of real estate. An automobile is in the county one hour and gone out of it the next, hence it is not necessary that it be in the county when the affidavit is made, but only when the warrant is executed. Here, the car was described as belonging to appellant and in his possession and as "Buick sedan, 1951, maroon body and light top" and the affidavit gave the motor number and license tag number, the latter showing the automobile was licensed in Whitley County. This was sufficient description of the car.

We find no merit in appellant's contention that the affidavit was not issued on

facts showing probable cause. Nor is there merit in his contention that the instructions were erroneous.

Appeal denied and judgment affirmed.