Homer (Cap) MASSEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 4, 1957.

---

Roy W. House, Manchester, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

PER CURIAM.

Appellant, Homer Massey, was convicted in the Clay Circuit Court of possessing alcoholic beverages for the purpose of sale in local option territory. The punishment imposed was a fine of $100 and 30 days in jail.

Appellant has moved for an appeal and urges that the general description in the affidavit and search warrant was not sufficient to authorize the search of an automobile found upon the premises.

The descriptive part of the affidavit reads:

"a house, building or premises owned or controlled by Homer Massey and known as New Standard Service Station and located on Route 421, about seven miles south of Manchester on

**756**

left of said highway as you go toward Horse Creek."

The automobile in which the alcoholic beverages were found was parked by the rear door of the service station described in the affidavit.

The only reference found in the search warrant to automobiles is " * * * if you find on said premises or in or about said residence or buildings or cars belonging to firm any whiskey, you will seize it * * *."

 It is generally held for an affidavit to be sufficient to support the issuance of a search warrant, it must recite facts in regard to the description of the property sufficient to enable the officers serving the warrant to locate the property as well as to enable the officer issuing the warrant to determine if the property is within the area of his jurisdiction. Williams v. Commonwealth, Ky., 261 S.W.2d 416; Baird v. Commonwealth, Ky., 273 S.W.2d 44. However, the search of the premises has been held not to be confined only to those buildings contained in the description, but includes all property necessarily a part of the premises or so inseparable as to constitute a portion thereof. Ingram v. Commonwealth, 200 Ky. 284, 254 S.W. 894.

The question of whether an automobile on the premises must be particularly described has not been decided in this state so far as we have been able to determine. It has never been necessary for the search warrant, after the premises have been described, to contain detailed information as to what personal property within or on the premises may be validly searched. In countless cases in which warrants described only the land and the buildings, a search of desks, cabinets, closets and similar items has been permitted.

In Johnson v. Commonwealth, 313 Ky. 751, 233 S.W.2d 514, it was held that a trailer located under a section of a filling station roof but separated by a partition from another building on the premises was properly searched under a warrant describing only the filling station.

The only difference between that case and the case at bar appears to be in the degree of mobility of the vehicles which were searched and in the aura of stability which seemingly surrounds a home, even of the mobile type. These distinctions in our opinion are not such as would affect the rule of law and we have concluded that it is not more necessary to describe a car on the premises than it would be to describe any other item of personal property in which the liquor might be stored. In this conclusion we are in accord with the views held by the courts of Oklahoma and Tennessee. Howe v. State, 85 Okl.Cr. 22, 185 P.2d 481; Lawson v. State, 176 Tenn. 457, 143 S.W.2d 716.

Appellant's second contention that the evidence is insufficient to support the verdict is not supported by the record.

The motion for appeal is overruled and the judgment is affirmed.